In re Roy Stewart MILES, Sue Alicia Robertson Miles, Debtors.

BORG–WARNER ACCEPTANCE CORPORATION, Plaintiff,

v.

Roy Stewart MILES and Sue Alicia Robertson Miles, Defendants.

GENERAL ELECTRIC CREDIT CORPORATION, Plaintiff,

v.

Roy Stewart MILES and Sue Alicia Robertson Miles, Defendants.

Bankruptcy No. 80–02008.

United States Bankruptcy Court, E. D. Virginia.

Aug. 12, 1980.

11. 11 U.S.C. § 101(27) (1979).

M. Woodrow Griffin, Jr. and Charles Ray Storm, Hampton, for debtors.

Rexford R. Cherryman, Virginia Beach, Va., for plaintiffs.

HAL J. BONNEY, Jr., Bankruptcy Judge.

On January 14, 1980, Roy Stewart and Sue Alicia Miles [debtors] filed a joint petition for bankruptcy. The bankruptcy of the debtors was precipitated by the failure of a business they owned and operated, T.V. Engineers and Home Appliance Center. The plaintiffs in the instant proceeding were floor-planners of the business inventory, in part.

The relationship between the debtors and Borg-Warner Acceptance Corporation began on October 21, 1977. By an inventory security agreement and written power of attorney of that date [B.W.A.C. exhibit # 1] Borg-Warner agreed to extend credit to T.V. Engineers. In relevant part the agreement provided the "[D]ebtor desires to secure repayment of such extensions of credit, and all other debts or liabilities of debtor to Secured Party, whether now existing or hereafter arising, by granting Secured Party a security interest in all of debtor's inventory of goods. . . ." The debtor further agreed to pay Borg-Warner for any extension of credit on each item of inventory sold. "Until such amounts have been delivered, debtor shall hold the entire proceeds, in the same form as received IN TRUST for BWAC, separate and apart from debtor's fund and goods."

Borg-Warner contends that the above language created an express trust with a correlative fiduciary duty on the part of the debtors which was breached when they failed to remit the proceeds from the sale of various items prior to filing bankruptcy. The plaintiff argues that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

The debtors signed a security agreement with General Electric Credit Corporation [G.E.C.C.] on June 15, 1978. By this agreement the debtors granted G.E.C.C. a security interest in all inventory, equipment and assets of the business in exchange for inventory financing. The agreement delineated payment terms, rights upon default,

etc. In relevant part, the debtors contracted to hold all proceeds of the sale of a unit financed by G.E.C.C. in trust for the creditor. [G.E.C.C. exhibit # 1]

Like Borg-Warner, G.E.C.C. contends that the security agreement created an express trust and a concomitant fiduciary duty in the debtors. It is alleged that the debtors breached this fiduciary duty when they failed to turn over the proceeds of the sale of merchandise financed by G.E.C.C. Again the plaintiff is relying upon 11 U.S.C. § 523(a)(4).

### The Law

§ 523 Exceptions to discharge
(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. 11 U.S.C. § 523(a)(4).

■ As applied in the instant case, the exception to discharge enunciated in section 523(a)(4) entails an inquiry into the nature of the relationship between the debtors and Borg-Warner and G.E.C.C. Simply put, did the debtors stand in a fiduciary capacity vis-a-vis the plaintiffs because of the language contained in the security agreements?

For over a century the Supreme Court has narrowly and strictly construed the exception to discharge for fraud while acting in a fiduciary capacity. *Chapman v. Forsyth*, 43 U.S. (2 How.) 202, 11 L.Ed. 236 (1844); *Neal v. Clark*, 95 U.S. (5 Otto) 704, 24 L.Ed. 586 (1877); *Hennequin v. Clews*, 111 U.S. 676, 4 S.Ct. 576, 28 L.Ed. 565 (1884); *Upshur v. Briscoe*, 138 U.S. 365, 11 S.Ct. 313, 34 L.Ed. 931 (1891). In the landmark case of *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934), the Supreme Court held that only debts arising from express, technical trust are excepted from discharge; the exception applies only to a debt created by a person who was already a fiduciary when the debt was created. *Davis v. Aetna Acceptance Co., supra; Upshur v. Briscoe, supra.* See also *In re Thornton*, 544 F.2d 1005 (9th Cir. 1976); *In re Burchfield*, 31 F.2d 118 (D.C.W.D.N.Y.1929).

The term "fiduciary" has been consistently construed as limited to express trusts and not to trusts imposed because of an act of wrongdoing out of which the debt arose, or to trusts implied by law from contracts. The Courts have attempted to avoid making the exception so broad that it reaches such ordinary commercial relationships as creditor-debtor and principal-agent. *Matter of Angelle*, 610 F.2d 1335 (5th Cir. 1980); *Matter of Dloogoff*, 600 F.2d 166 (8th Cir. 1979); *In re Harris*, 458 F.Supp. 238 (D.Or.1976); *In re Harrill*, 1 B.R. 76 (E.D.Tenn.1979).

■ It is abundantly clear that the relationship between the parties in the present case was that of creditor and debtor and nothing else. Borg-Warner and G.E.C.C. sought protection as they extended credit to T.V. Engineers. The agreements provided that the debtors were securing repayment of extensions of credit which is the very essence of a creditor-debtor relationship. Borg-Warner and G.E.C.C. seek to cloak the transaction in the guise of a trust by the "magic words" in the agreement, "in trust." Verbal legerdemain does not impose a fiduciary duty on the debtor—"the resulting obligation is not turned into one arising from a trust because the parties to one of the documents have chosen to speak of it as a trust." *Davis v. Aetna Acceptance Co., supra*, 293 U.S. at 334, 55 S.Ct. at 154. Interestingly, the plaintiffs have not cited a case holding a debt to a floor planner nondischargeable under the exception at issue in the instant case.

The plaintiffs mistakenly rely on the case of *Hamby v. St. Paul Mercury Indemnity Co.*, 217 F.2d 78 (4th Cir. 1954). In *Hamby* the bankrupt [*Hamby*] was a real estate agent to whom money had been entrusted by various clients. Hamby had misappropriated the money and subsequently sought the relief of bankruptcy. Under Virginia law, real estate agents occupy a fiduciary relationship to their clients. The Court held the fraudulent misappropriation by Hamby, a fiduciary, created a nondischargeable debt. Citing Collier on Bank-

ruptcy, 14th Ed., Sec. 17.24, Judge Parker recited those who have been held to be fiduciaries and thus subject to the exception to discharge. The list included attorneys, bank officers, receivers, guardians, technical trustees and the president of a private corporation entrusted with funds for a particular purpose who applies those funds to his own benefit. Again see *Hamby, supra.*

There is no evidence that the debtor used the funds from the business for anything but business purposes; obviously, none of the exceptions enunciated in *Hamby* apply here.

The cases of *Morgan v. American Fidelity Fire Insurance Company,* 210 F.2d 53 (8th Cir. 1954) and *In re Romero,* 535 F.2d 618 (10th Cir. 1976) are also easily distinguishable. In *Morgan* the bankrupt was an insurance agent with authority to accept proposals for insurance coverage (thereby binding the principal company) and the right to collect premiums on behalf of the company. In that case the defendant fraudulently misappropriated the money received and diverted it to his personal use.

*In re Romero, supra,* involved a contractor who was advanced in excess of $49,000 to be used to pay subcontractors and materialmen. The Court held that Romero stood in a fiduciary capacity by virtue of the advances and misappropriation of the funds gave rise to a nondischargeable debt. The Court of Appeals, Fifth Circuit, cast considerable doubt upon the validity of the holding in *Romero.* *In Matter of Angelle, supra,* the Court stated that the decision in *Romero* was incorrect.

On balance the Court is presented with an honest debtor who lost everything because he was unable to better manage his business. The purpose of bankruptcy is to grant a discharge to honest debtors and afford financially pressed individuals a fresh start in life. *Roberts v. Ford,* 169 F.2d 151 (4th Cir. 1948); *Royal Indemnity Co. v. Cooper,* 26 F.2d 585 (4th Cir. 1928); *Sweet v. Ritter Finance Co.,* 263 F.Supp. 540 (W.D.Va.1967), citing *Gleason v. Thaw* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1914). The Miles are entitled to this fresh start.

Accordingly, the Court finds that the debts owed to Borg-Warner Acceptance Corporation and General Electric Credit Corporation are discharged.

IT IS SO ORDERED.