In re Donald Walter DUISER, Debtor.

NATIONAL AGENTS SERVICE
COMPANY, INC., Plaintiff,

v.

Donald Walter DUISER, Defendant.

Bankruptcy No. 7–80–00216.
Adv. No. 7–80–0046.

United States Bankruptcy Court,
W. D. Virginia,
Roanoke Division.

July 14, 1981.

William R. Bess, Roanoke, Va., for plaintiff.

Michael J. Aheron, Roanoke, Va., for defendant.

George A. McLean, Jr., Roanoke, Va., Trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The adversary proceeding in this case concluded with the issuance of a Memorandum Opinion and an Order both dated January 7, 1981. 8 B.R. 397. In the original complaint the Plaintiff, National Agents Service Company, Inc. (NASCO), urged that the debt be declared nondischargeable pursuant to 11 U.S.C. § 523. Under § 523, a debt is nondischargeable if, *inter alia*, it results from the debtor obtaining money by fraud or defalcation when acting in a fiduciary capacity. After hearing the evidence and applying the law, this Court dismissed the Complaint.

On February 13, 1981, the Plaintiff, NASCO, moved for a rehearing although assumed properly a motion for new trial pursuant to Rule 60(b)(2) of the *Federal Rules of Civil Procedure* on the grounds presumably, of newly discovered evidence. Having earlier filed a notice of appeal to the District Court, the Plaintiff duly moved the District Court to remand the case to this Court until resolution of the Rule 60(b) motion could be made by this Court. The District Court remanded the case for hearing of the motion by this Court.

At the motion hearing, the only evidence Plaintiff's Attorney presented was the filing of copies of criminal indictments issued from the Circuit Court for the City of Salem, Virginia, charging the Defendant Debtor with theft of property belonging to the Plaintiff. The Plaintiff urged that the adversary proceeding pending in this Court be reopened and remain open until disposition of the criminal case pending before the State Circuit Court. (This Court is not advised as to whether or not the criminal proceedings in the State Court have progressed beyond the indictment stage.)

It should be noted that the parties to a bankruptcy proceeding have no absolute right to have hearings reopened. *In re Time Sales Finance Corp.*, 474 F.2d 1197, 1201 (3d Cir. 1971). In fact, in order to promote the prompt and effective settlement of the Debtor's estate, a bankruptcy judge should not reopen a hearing without a compelling reason. *See id.* To support a motion for rehearing based upon newly discovered evidence, the burden is upon the moving party and such party must show that the new evidence was not known and could not have been discovered by due diligence at time of trial. Further, the moving party must show that the new evidence is material to the issue tried and that it is likely to produce a different result than that originally reached at trial. *United States v. 41 Cases*, 420 F.2d 1126, 1132 (5th Cir. 1969); *In re Kingston Investment Corp.*, 4 B.C.D. 840, 842 (C.D. Cal. 1978). Whether evidence would be likely to change the trial result is peculiarly within the determination and province of the trial judge. *Kodekey Electronics, Inc. v. Mechanex Corp.*, 486 F.2d 449, 458 (10th Cir. 1973).

The Plaintiff, NASCO, presented indictments of the Debtor in a State Circuit Court as new evidence in this proceeding. At the motion hearing, Plaintiff's Counsel argued that the indictments were material to the issue of fraud by the Debtor in a fiduciary capacity. Counsel further alluded to remarks of the Court at the initial trial to the effect that such indictments might in some was affect the outcome of the trial. Counsel's impression was mistaken, and the trial transcript confirms that no such remarks were made or entered in the record. This court has no recollection of such statement. In fact, the criminal indictments offered by Plaintiff as new evidence bear no relation to the issues decided at trial.

At trial, this Court determined that the evidence did not support the burden of proof of fraud and that the Debtor was not in a fiduciary relationship to the Plaintiff. Under § 523, the responsibilities of a fiduciary are not lightly imposed upon a Debtor; the term "fiduciary" is strictly construed. *In re Miles*, 5 B.R. 458, 460 (Bkrtcy. E.D. Va. 1980). A person considered a fiduciary for one purpose may not be so considered for purposes of determining dischargeability of a debt in bankruptcy. *Id.* The fact that a state may legislate upon or may

consider conduct criminal, is not determinative of an issue of dischargeability in bankruptcy. *In re Hazelwood,* 17 C.B.C. 742, 745 (E.D. Tenn. 1978); *In re Taylor,* 5 C.B.C. 59, 61 (E.D. Tenn. 1975).

■ In this case, the record reflects that the parties brought the issue of dischargeability to trial after lengthy pre-trial activity. Extensive discovery was conducted resulting in amendment to the Plaintiff's complaint. The complaint was initially filed by Plaintiff in this Court on April 11, 1980. A pre-trial conference was held on May 1, 1980, and the case set for trial on June 24, 1980. Upon proper motion, trial of the case was continued to August 26, 1980, at which time it was again continued to September 15, 1980. Upon motion the Court again continued the trial of this case to November 5, 1980 with the admonition that no further continuances would be granted except for showing of proper cause. The case was tried on November 5, 1980. Thereupon the Court took the case under advisement pending the filing of briefs as requested by Counsel for the Plaintiff. No brief was in fact filed by the Plaintiff and the Court on January 7, 1981, rendered its opinion in the case.

The foregoing chronology is offered for the purpose of showing that the Plaintiff was not hastily put to trial in this case without time to adequately prepare its case. Approximately ten months expired from the date Plaintiff filed its complaint to date of trial and decision. Only after this Court's decision was appealed did a motion for new trial surface. The issues were fully and fairly litigated. The "new evidence" offered by Plaintiff's Counsel in an effort to reopen the hearing and for a new trial, has no bearing on the settled issues. The information and evidence is not likely to alter the outcome of the trial, is insufficient to support Plaintiff's motion.

The Motion is, therefore, hereby DENIED.

It is so ORDERED.