In re Robert L. MORRIS and Nancy J. Morris, dba R.L. Morris Insurance Agency, Debtor.

ARGONAUT INSURANCE COMPANY, Plaintiff,

v.

Robert L. MORRIS and Nancy J. Morris, dba R.L. Morris Insurance Agency, Defendants.

Bankruptcy No. 382–03325.
Adv. No. 83–0135.

United States Bankruptcy Court, D. Oregon.

June 2, 1983.

Gary A. Withers, Portland, Or., for plaintiff.

Sterling Williver, Bend, Or., for defendants.

DONAL D. SULLIVAN, Bankruptcy Judge.

The Court tried this case in Bend, Oregon on May 19–20, 1983. At the conclusion of trial, the Court announced its decision and

made oral Findings. The Court herein makes its written Findings of Fact and Conclusions of Law.

■ I find that the liability of Robert L. Morris to the plaintiff, which I find to be $101,660.00, is dischargeable in bankruptcy. The debt is not a liability: (1) "for fraud or defalcation while acting in a fiduciary capacity" within the meaning of 11 U.S.C. § 523(a)(4); (2) for obtaining money or property by "false pretenses, a false representation, or actual fraud" within the meaning of 11 U.S.C. § 523(a)(2)(A); or (3) a willful and malicious conversion or other conduct nondischargeable under 11 U.S.C. § 523(a)(6).

Specifically, I find that there was no fiduciary relationship or a relationship of trust between plaintiff and Robert L. Morris; that there was a simple debtor-creditor relationship with respect to the insurance premiums at issue; that the defendant, both at the time of entering into the agency agreement and at the time of accepting premiums, did not intend to defraud or to cheat plaintiff or to willfully and maliciously injure plaintiff; and that plaintiff did not retain sufficient property interest in the premiums to support its charge of conversion.

The term "fiduciary" under the predecessor to 11 U.S.C. § 523(a)(4) has been consistently limited to a traditional trust relationship such as those arising from an express trust and not to trusts imposed maleficio or necessarily even to a relationship imposed by statute. *In re Pedrazzini,* 644 F.2d 756 (9th Cir.1981); *In re Thornton,* 544 F.2d 1005 (9th Cir.1976). If the relationship between the parties is not one of actual trust, boilerplate language in an agreement will not create a fiduciary relationship. I agree with *In re Harrill,* 1 B.R. 76 (Bkrtcy. E.D.Tenn.1979), a case involving an insurance agency which I believe is similar to the present case. To the extent that *Matter of Murphy,* 9 B.R. 167 (Bkrtcy.E.D.Va.1981) found a fiduciary relationship based upon the language of an agency agreement, I disagree with the application of that decision to the present case because it is not consistent with the realities presented by the evidence.

The relationship of the parties in this case was not a relationship of trust. Although the agency agreement in this case uses the phrases "hold in trust" and "fiduciary relationship", Argonaut Insurance Company (Argonaut), both as an inducement to attract defendant as an agent and in the agreement itself, permitted the defendant to commingle and use the premium monies as he saw fit, subject to the later obligation to repay Argonaut its share. The agreement if not internally inconsistent with a trust relationship did not reflect the true relationship of the parties. Plaintiff's relationship with defendant was that of a creditor with his debtor similar to the relationship of a wholesaler with his retailer. A fiduciary relationship did not overlay or coexist with the debtor-creditor relationship.

Defendant's admission that in retrospect he believes he was acting in a fiduciary capacity is attributable to ignorance of the legal definition of the term "fiduciary". Defendant unilaterally set up a separate account which plaintiff did not require to facilitate payment of certain obligations, including that owing to Argonaut, and not to transform what was, in fact, a debtor-creditor relationship also into a fiduciary relationship.

■ The defendant did not intend to defraud or to cheat, or to maliciously or willfully injure Argonaut. He continued to make payments to Argonaut during relevant periods although the payments were insufficient. There is no claim that he kept inadequate records. He did not falsify reports to the plaintiff. The defendant, as a sole proprietor, had a right to make personal withdrawals from his business, which withdrawals were not so large or unconscionable as to support an intent to defraud plaintiff, even when considered with the fact that his business expense exceeded income. Although in no way justifiable, defendant's accusations against his employees more reasonably evidence an attempt to place the blame for his failing business on

someone else rather than an effort to cover up a defalcation.

■ Because defendant had unrestricted permission to use, for his own purposes, monies collected for premiums, a relationship of debtor-creditor was created which is inconsistent with the retention by plaintiff of an interest in the premiums which would be the subject of a conversion. More significantly, plaintiff's permission and the defendant's failure to repay plaintiff cannot support a finding of willful and malicious conduct within the meaning of *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934).

Defendant is entitled to a judgment determining the debt to be dischargeable in bankruptcy.

■ Defendant, Nancy J. Morris, had no significant involvement with the plaintiff, nor did she sign the insurance agency agreement or otherwise obligate herself to Argonaut. Other than her marriage to Robert L. Morris, her name on a bank account, and her occasional presence at his place of business, there is little evidence to connect her with the matters charged in the complaint. Nancy Morris is entitled to judgment dismissing the complaint.