In re David James COOK, et al., and Alpharetta Rose Cook, etc., Debtor.

Michael A. GIURBINO, Plaintiff-Appellant,

v.

David J. COOK, aka David James Cook, Defendant-Respondent.

In re FAR WEST FUNDING CORPORATION, Debtor.

Michael A. GIURBINO, Plaintiff-Appellant,

v.

FAR WEST FUNDING CORPORATION, a California corporation, Defendant-Respondent.

In re OLD WORLD FINANCIAL, INC., a California corporation, dba Far West Development Company, Debtor.

Michael A. GIURBINO Plaintiff-Appellant

v.

OLD WORLD FINANCIAL, INC., a California corporation, dba Far West Development Company Defendant-Respondent

In re David James COOK, et al., and Alpharetta Rose Cook, etc., Debtor.

Mike R. SPECIAL, Allen E. Hom, James E. Hom, Plaintiffs-Appellants,

v.

David J. COOK, aka David James Cook, Defendant-Respondent.

In re FAR WEST FUNDING CORPORATION, Debtor.

Mike R. SPECIAL, Allen E. Hom, James E. Hom, Plaintiffs-Appellants,

v.

FAR WEST FUNDING CORPORATION, a California corporation, Defendant-Respondent.

BAP Nos. CC-82-1588 AbPV, CC-82-1589, CC-82-1590, CC-82-1575 and CC-82-1576
Bankruptcy Nos. SB 81-02155 WH to 81-02157 WH.
Adv. Nos. SB 82-0587 WH to SB 82-0589 WH, SB 82-0616-WH and SB-82-1617 WH.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Feb. 16, 1984.

Decided April 30, 1984.

David G. Moore, Reid, Babbage & Coil, Riverside, Cal., Karl J. Knudson, Pickell & Knudson, Riverside, Cal., for plaintiffs-appellants.

Before ABRAHAMS, PYLE and VOLINN, Bankruptcy Judges.

ABRAHAMS, Bankruptcy Judge.

This is a creditors' appeal from a judgment refusing to except a debt from discharge on grounds of fraud, breach of fiduciary obligations and embezzlement. The trial court's findings of fact were not clearly erroneous and we therefore affirm.

Appellants are three of the investors who lost money in a scheme to buy a thrift and loan in Hawaii. The investors deposited $200,000 into the venture's savings account to carry out the plan.

Appellee, one of the investors and one of the two co-signors on the account, began withdrawing money from the account in October 1980. In May 1981, the investors met after discovering that most of the money had been removed from the account. At the meeting, appellee showed the others a Statement of Account. He admitted it was fraudulent when one of the investors confronted him with the actual bank records at the meeting.

Appellee contended, at the meeting and at the trial, that the money had been used to pay bribes or "consulting fees" for the thrift and loan charter. He stated the other investors knew these fees were being paid.

I

Four of the sixteen findings of fact of the trial judge were prefaced by the statement that there was "No evidence" of such fact. This was inaccurate because there was conflicting evidence on these factual determinations. While we do not condone the loose language used by the trial court, these errors were harmless and will not be considered further.

II

Section 523(a)(4) prevents discharge of a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny."

A

The trial judge found "No evidence" that the respondent embezzled the funds, agreed to be a trustee or held funds in a trust account. We can only overturn these findings of fact if they are "clearly erroneous." Bankruptcy Rule 8013.

For the fiduciary relationship exception to discharge under § 523(a)(4), there must be an express or technical trust. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934); *In re Pedrazzini*, 644 F.2d 756 (9th Cir.1981). Appellants contend that the testimony of the investors showed an agreement that appellee would be a trustee and would place the money in a trust account. Appellants further claim that the signature card

for the account establishes that it was a trust account.

The testimony was in conflict on these matters. Two investors testified that the money was to be held in a trust account but they did not know who was to be in charge of the account. Another investor could not remember any discussion concerning the type of account. Appellee testified that he had not agreed to be a trustee or to place the money in a trust account.

The signature card for the account did not establish that the account was a trust account. It was a card for a Totten or tentative trust as described in California Financial Code section 6853. In these accounts, the depositor retains the power to "hold, manage, pledge, and invest the funds and may revoke the tentative trust." Cal. Financial Code section 6853(d). This relationship is not an express trust or a technical trust as required for a "fiduciary" relationship under Section 523(a)(4). In addition, the signature card was not filled out correctly to create a tentative trust. In the part indicating the type of account, the word "Trustee" was crossed out and replaced with "Corporation."

Because of the conflicting evidence we cannot rule that the trial court's finding on the fiduciary exception was clearly erroneous.

### B

Appellants further contend that the debts should be excepted from discharge on grounds that appellee embezzled the funds. *See, In re Rigsby,* 18 B.R. 518 (Bktcy.E.D.Va.1982); 3 Collier on Bankruptcy (15th ed.) ¶ 523.14[1][c]. The evidence showed that a substantial portion of the funds taken from the account was withdrawn through two corporations owned by appellee. Appellee contended the funds were withdrawn through these entities to be converted to cash to pay the bribes. Appellee's employee testified that he helped convert the funds into cash and believed appellee was taking the cash to Hawaii for bribes. One of the investors hinted that he might have known of the bribes. Another investor answered "I can't recall" when asked whether he had stated at a meeting that he knew appellee was paying bribes.

Other than the statements of appellee that the money was used for bribes, there is little evidence of the ultimate use. Appellee may have used $11,000 to pay his share of a separate real estate venture with one of the appellants and others. The evidence of this transaction was sketchy, however.

Although the trial court could easily have found that the appellee used the money as his own, we cannot hold that the trial judge's rulings were "clearly erroneous" in finding otherwise.

## III

Section 523(a)(2)(A) creates an exception to discharge for debts caused by false pretenses, false representations, or actual fraud. The appellants claim the false representations were "that a corporation would be formed to acquire and operate a Hawaiian Thrift and Loan, and that the money solicited in exchange for this stock would be retained in a trust account until the Thrift and Loan Charter was purchased."

We have already held that the trial court was not clearly erroneous in determining that the appellee did not agree to be a trustee or to place the money in a trust account. The court could similarly find that he did not represent these same matters. As to formation of the corporation, the trial court could have found that appellee intended to proceed with the formation.

The only fraud that was clearly shown was the false statement of account activities that appellee gave the investors after the money had been withdrawn. This fraud cannot prevent discharge because it was made after the appellants invested and there was therefore no reliance on these false representations. *See, In re Houtman,* 568 F.2d 651, 655 (9th Cir.1978). Al-

though this false account certainly suggests earlier wrongdoing, it does not compel a finding of an earlier fraud.

The trial court could reasonably find that appellants and appellee were part of a scheme to obtain a thrift and loan charter through bribery and that, after the deal soured, the appellants turned on their co-conspirator, the appellee.

We cannot hold that any of the trial court's relevant findings of fact were clearly erroneous and we therefore affirm.