In re Loyd W. FORD, Debtor.

Norma P. YOUNGER, Plaintiff,

v.

Loyd W. FORD, Defendant.

Bankruptcy No. 5–82–00358.
Adv. No. 5–83–0039.

United States Bankruptcy Court,
W.D. Kentucky.

July 15, 1985.

Steven S. Crone, Ronald J. Bamberger, Owensboro, K., for plaintiff-creditor.

Stewart E. Bland, Louisville, K., for defendant-debtor.

## MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

The final throes of a nine year divorce battle fittingly finds its home in this court as a result of a Chapter 11 petition for relief filed November 3, 1982. Ever eager and willing to accept the call to arms of yet another day, the Plaintiff initiates this Complaint to have a judgment debt deemed nondischargeable pursuant to 11 U.S.C. Section 523(a)(4) and (6).

The historical litigation is summarized as follows. A divorce proceeding between the debtor and this creditor was commenced in November, 1975. Following judgment, appeals, reversals, and rehearing, a judgment was entered January 3, 1979 determining the parties' rights to known marital assets as of September 1, 1976, but reserving for further orders the parties' rights as to marital income and other assets. This judgment was affirmed on appeal and forms no basis of the creditor's claim in the instant action.

A supplemental judgment was entered November 2, 1982, determining the creditor's right to income from the marital property during the pendency of the earlier action and further providing for the proper division of stocks and bonds not previously considered. This latter judgment specifically found that the debtor's actions in dealing with this marital property had been fraudulent, decreed the creditor to have secured status, and noted that the debtor was charged with a position of trust in handling the assets of the parties.

By this complaint, the creditor asserts the debt is nondischargeable under 11 U.S.C. Section 523(a)(4) and (6) and that the state court judgment entered November 2, 1982 is dispositive of the issues under the doctrines of collateral estoppel and res judicata.

The debtor by answer alleges that neither doctrine applies, and, further, that the accounting relied upon by the state court in determining the amount of the judgment was faulty and here subject to collateral attack in determining with finality the amount of creditor's claim.

This court must thus determine in the first instance the substance and effect of the state court judgment, i.e. whether the doctrines of collateral estoppel and res judicata apply. In a comprehensive and analytical review of the applicability of these doctrines, a troika of cases has exhaustively considered their applicability in challenges to discharge under 11 U.S.C. Section 523. See *In re Davis*, 23 B.R. 633 (Bkrtcy., W.D.Ky., 1982); *In re Miller*, 23 B.R. 636 (Bkrtcy., W.D.Ky., 1982), and *In re Channel*, 23 B.R. 638 (Bkrtcy., W.D.Ky., 1982). The doctrine of collateral estoppel, an invention of the common law, seeks to avoid duplicative litigation and encourage the finality of justice. Thus, where issues which must be determined under 11 U.S.C. Section 523 have previously been fully presented in another forum and have factually been determined under standards which substantially embody those elements upon which this court would rely, the failure to apply the doctrine would permit unsuccessful litigants to use this court as the functional equivalent of state appellate courts or subject the parties to de novo proceedings on issues previously determined with finality.

The criteria to be followed is succinctly set forth in *In re Davis*, 23 B.R. 639, 641 (Bkrtcy., W.D.Ky., 1982), which states:

"... And in reviewing a prior adjudication on fact questions resurrected in this court, we take it as a first principle that:

'If the judgment substantially embodies those elements that enable us to form an opinion as to the dischargeability of the debt we would be disinclined to order the matter relitigated.'" Citing further *In re Cooney*, 8 B.R. 96, 100 (W.D.Ky., 1980).

As noted in *Webb v. Perry*, Ky., 331 S.W.2d 897 (1960), the rule is well-established that as between parties, the judgment entered is res judicata not only to what was litigated, but as to that which properly should have been. It is further well-settled that the aims and purposes of Fed.R.Civ.P. 13(a) are to eliminate piecemeal litigation between the parties and to make compulsory the presentation of any and all claims by any party arising out of the same issue and subject matter before the court. Thus, issues flowing from a single contract relationship between the parties and disputes related thereto should be determined at one time, in one forum, with finality.

 It is the opinion of this court and it does so find that the doctrines of res judicata and collateral estoppel do apply to the state court findings and judgment as to the issues there presented. In this context, however, a perusal of the state court judgment reveals that the decree resolved only those accounting issues left undecided in the Judgment of January 3, 1979 and result in a monetary judgment in the amount of $529,244.00 in favor of the plaintiff against the debtor. This judgment entered November 2, 1982 is entitled to collateral estoppel and res judicata effect and will not be subjected to collateral attack on the issue of the amount of the creditor's claim. This matter was fully litigated in the state court and proper recourse of redress is by appeal. It is therefore ordered that the creditor's claim is allowed in the judgment amount, subject to any adjustment that may be in order—should the judgment be modified on appeal.

The court now will determine the applicability of 11 U.S.C. Section 523(a)(4) and (6) to the facts presented.

The creditor urges that the findings of fact of the state court conclusively establish debtor's conduct as fraudulent and sufficient to invoke the nondischargeability sanctions of 11 U.S.C. Section 523(a)(6) and 11 U.S.C. Section 523(a)(4).

 At the outset, this court notes that the Bankruptcy Reform Act of 1978 clearly defines a security interest and unequivocally limits such interest to a lien created by *agreement*. (Emphasis added). 11 U.S.C. Section 101(43). The state court characterized this creditor as possessing by judicial fiat a security interest. However, as there was no agreement between the parties to create a lien, the Bankruptcy Code defines the creditor's status in this case as, at best, that of a creditor holding a judicial lien. 11 U.S.C. Section 101(30).

It is uncontroverted and was specifically found by the state trial court that the underlying facts supporting its judgment were "strictly ones of accounting". Page 1, *Opinion and Judgment* entered November 2, 1982. Additionally, the judgment amount was established based on Younger's interest in the marital income and undisclosed marital assets in spite of the debtor's actions to conceal or distort their true worth through fraudulent intent, design, or tactics. This debt is not based on fraud, deceit, and/or conversion. Rather, the debt is and at all times has been based on this creditor's rights to a division and share in marital assets under state divorce laws. The state court clearly denotes that this money judgment results from a determination of the relevant facts and is untarnished by the recognized but rejected fraudulent efforts of the debtor.

 As previously noted, Younger's claim has been reduced to judgment but does not constitute a security interest in the debtor's assets notwithstanding the statement of the state court judge. Younger's status is determined by prevailing bankruptcy law. It is well-settled the burden is upon the plaintiff to establish that the questioned debt is nondischargeable. *In re Baiata*, 12 B.R. 813 (Bkrtcy., E.D.N.Y., 1981); *In re Maiolo*, 12 B.R. 114

(Bkrtcy., N.D.Ga., 1981); *In re Stephens,* 26 B.R. 389 (Bkrtcy., W.D.Ky., 1983); and *In re Hodges,* 4 B.R. 513 (Bkrtcy., W.D.Va., 1980).

11 U.S.C. Section 523(a)(6) deals with exceptions to discharge and reads:

(a) A discharge under Sections 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

■ Thus all elements of 11 U.S.C. Section 523(a)(6) must be established for a determination that the debt is nondischargeable. *In re Hinkle,* 9 B.R. 283 (Bkrtcy.D.Md., 1981). Here the creditor has failed to sustain her burden that she possesses any property interest in the debtor's estate which is necessary to compel an examination of debtor's conduct under the willful and malicious injury elements.

Accordingly, the creditor's complaint under 11 U.S.C. Section 523(a)(6) be and it is hereby dismissed.

■ The court next examines the complaint with respect to whether the debtor's conduct violates 11 U.S.C. Section 523(a)(4). The creditor alleges the fraudulent transfer or concealment of property to the creditor's detriment is in violation of his fiduciary duties imposed under the Circuit Court decree and contrary to 11 U.S.C. Section 523(a)(4). 11 U.S.C. Section 523(a)(4) states:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

Little support for this proposition has been offered by Younger. The judgment of November 2, 1982 does make the following findings:

1). There is no controversy as to net income. Rather the controversy stems from alleged adjustments to that net income.

2). There was awarded a security interest in all property to secure payment of sums due with execution permitted immediately.

3). "this security interest shall be ... in all property and income which has come into his hands as fiduciary for the marital estate and marital income during the pendency of this action."

A review of the state court judgment of July 29, 1977 and January 3, 1979, however, fails to disclose with particularity the creation or reference to any trust or trust property. While the Judgment of January 3, 1979 left unsettled income and certain stock divisions, it did *not* establish a Trust to protect those assets pending their determination.

■ In order to come within Section 523(a)(4) on the ground of fraud applicable to fiduciaries, the creditor must prove the debtor was acting as a fiduciary as defined by federal law. *In re Johnson,* 691 F.2d 249, 251 (6th Cir.1982); *Matter of Angelle,* 610 F.2d 1335, 1341 (5th Cir.1980). The traditional definition of "fiduciary"—a relationship involving confidence, trust and good faith, is not sufficient in proving "fiduciary capacity" under Section 523(a)(4). *In re Johnson, supra.* As noted by debtor, the term "fiduciary capacity" is limited in application in discharge of debt provisions to technical or express trusts. *In re Johnson, supra; In re Cook,* 38 B.R. 743 (Bkrtcy.App.1984); *In re Blalock,* 15 B.R. 33 (Bkrtcy., E.D.Tenn., 1981). *In re Duiser,* 12 B.R. 538 (Bkrtcy., W.D.Va., 1981); *Matter of Murphy,* 9 B.R. 167 (Bkrtcy., E.D.Va., 1981); *In re Boese,* 8 B.R. 660 (Bkrtcy., S.D., 1981). Moreover, the requisite trust relationship must exist prior to the act creating the debt and without reference to it. *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934); *In re Johnson, supra* at 252. Therefore, the plaintiff must establish that the trust was in existence prior to any alleged fraudulent act. *Matter of Angelle, supra.* In this case, there was no proof offered that a trust ever existed. Notwithstanding the use of the term "fidu-

ciary" by the state court, no fiduciary relationship existed within the meaning of the Bankruptcy Code. *In re Morris*, 37 B.R. 682 (Bkrtcy., D.Ore.1983). Based on the totality of proof on this issue, it is the opinion of the court and the court does so find that the creditor has failed to sustain her requisite burden of proof that this debt is nondischargeable under 11 U.S.C. Section 523(a)(4).

The above constitutes Findings of Fact and Conclusions of Law pursuant to the Rules of Bankruptcy Procedure 7052. A separate Order will be entered this date.

A copy of this Memorandum-Opinion was mailed to Steven S. Crone and Ronald J. Bamberger, 111 West Second Street, Owensboro, Kentucky 42301, counsel for plaintiff; and to Stewart E. Bland, 444 South Fifth Street, Louisville, Kentucky 40202, counsel for defendant.