**In re Howard H. LIPKE, Marlene M. Lipke, Debtors.**

**AUTO–OWNERS INSURANCE COMPANY, Plaintiff,**

**v.**

**Howard H. LIPKE, Lipke Insurance Agency, Defendant.**

**Bankruptcy No. WF7–84–01993.**
**Adv. No. 85–0018–7.**

United States Bankruptcy Court, W.D. Wisconsin.

Oct. 17, 1985.

Catherine J. Furay, Madison, Wis., for plaintiff.

James M. Mason, Wisconsin Rapids, Wis., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Plaintiff Auto-Owners Insurance Company has initiated this adversary proceeding which requests a court order determining certain debts owed to it by defendant Howard H. Lipke, d/b/a Lipke Insurance Agency, to be nondischargeable under 11 U.S.C. § 523(a)(2)(A) or § 523(a)(4). Plaintiff has moved for summary judgment pursuant to Bankruptcy Rule 7056.

A hearing on this matter was held on September 18, 1985. Plaintiff appeared by Attorney Catherine J. Furay and defendant by Attorney James M. Mason. The parties have submitted briefs addressing the summary judgment motion.

On March 1, 1981, the parties entered into an agency agreement which provided that defendant would solicit the sale of insurance policies to be issued by plaintiff and receive commissions. Defendant was to collect premiums and periodically remit the collected amounts to plaintiff. There is no dispute that defendant failed to pay plaintiff $10,844.86 which was due under the contract.

Plaintiff points out that the agreement states that defendant shall be deemed to be the trustee for the company of any money received for premiums. It asserts that this makes defendant a fiduciary within the meaning of sec. 523(a)(4) of the Code.

Sec. 523(a)(4) excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity. The term "fiduciary capacity" has been construed narrowly for purposes of determining bankruptcy discharge. See *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934); *In re Miles*, 5 B.R. 458, 460 (Bankr.E.D.Va.1980); *In re Chambers*, 23 B.R. 206, 208 (Bankr.W.D.Wis.1982). In both *Miles* and *Chambers* there were agreements which provided that the debtor would hold certain proceeds in trust. Despite this fact, both courts concluded that no fiduciary capacity was present. *Miles, supra; Chambers, supra.* The court in *Miles* noted that the term "fiduciary" has been consistently construed as limited to express trusts and not to trusts imposed because of an act of wrongdoing out of which the debt arose, or to trusts implied by law from contracts. *Miles, supra.*

The recent case of *In re Levitan*, 46 B.R. 380 (Bankr.E.D.N.Y.1985) contains a detailed and well-researched analysis of the meaning of "fiduciary capacity" under sec. 523(a)(4). The court examined both the line of Supreme Court and lower federal court cases which have narrowly construed the term fiduciary capacity for the purposes of determining dischargeability. It concluded that a security agreement between a commercial creditor and debtor does not create a fiduciary relationship under sec. 523(a)(4) simply because the agreement contains trust language. *Id.* at 386. The court went on to quote *In re Cross*, 666 F.2d 873,880 (5th Cir.1982) for the proposition that "[t]he exceptions to discharge were not intended and must not be allowed to swallow the general rule favoring discharge."

The consistent message from the cases discussed above is that a party to an agreement should not be able to create a fiduciary relationship for purposes of discharge determination merely by inserting trust or fiduciary language in the agreement. If a relationship is in reality a debtor-creditor relationship it should be recognized as such regardless of the label attached to it by the parties.

This principle has been adhered to in cases involving insurance companies and their agents. In *In re Morris*, 37 B.R. 682 (Bankr.D.Or.1983) the court considered an

insurance agency contract containing the phrases "hold in trust" and "fiduciary relationship." It stated that the agent in that case was allowed to commingle and use the premium monies as he saw fit, subject to the later obligation to pay the insurance company its share. *Id.* at 683. On this basis, the court determined that the parties had a creditor-debtor relationship similar to the relationship between wholesaler and retailer. *Id.* Under similar facts the court in *In re Katzen,* 47 B.R. 738 (Bankr.D.Mass. 1985) also concluded that no fiduciary relationship existed. The court there noted that the agent had no contractual or implied duty to segregate or account for premiums, and there was no prohibition against using them. *Id.* at 742. It noted that the ordinary relationship between an insurance company and agent as to premiums was that of debtor-creditor, absent any evidence to support a contrary intent. *Id.* at 742.

■ Based on this consistent line of cases, the court is convinced that defendant was not acting in a fiduciary capacity within the meaning of sec. 523(a)(4). The facts on this issue are not in dispute. Plaintiff has alleged that defendant failed to turn over insurance premiums due it under the contract. It has not claimed that the defendant had a duty to segregate or account for the funds. Defendant was allowed to commingle these premium funds with his other cash, which he apparently did. Under these circumstances, the relationship between the parties in practice was a debtor-creditor relationship. The language in the agency agreement referring to defendant as a trustee for premium monies does not abrogate the realities of the parties' relationship.

In addition to the language of the agency agreement, plaintiff cites Ins. § 6.61, Wis. Admin.Code as support for its assertion that defendant was a fiduciary. The first sentence of a note to that administrative code section states:

Note: Individual intermediary-agent records which are to be maintained and subject to examination by the commis-

sioner of insurance, are limited to transactions where the individual intermediary-agent serves in a fiduciary capacity (i.e., collects or handles premiums from clients and remits that amount of the premium due the carrier providing the coverage).

■ For purposes of determining dischargeability under sec. 523 (a)(4), and its predecessor sec. 17(a)(4), courts have recognized fiduciary duties created by state statutes. *In re Johnson,* 691 F.2d 249, 253 (6th Cir.1982); *In re Talcott,* 29 B.R. 874, 878 (Bankr.D.Kan.1983). In order for a fiduciary capacity to arise the state statute must define the res, spell out fiduciary duties and impose a trust on funds prior to the act creating the debt. *Johnson, supra.* Whether a state administrative agency may create such a fiduciary relationship by promulgating a rule, such as Ins. 6.61 Wis.Admin.Code, is a different matter. It is not necessary to address this issue since Ins. § 6.61 does not define the res, spell out fiduciary duties or impose a trust on funds prior to the debt being created. The general, conclusory statement contained in Ins. § 6.61 does not create a fiduciary capacity within the meaning of sec. 523(a)(4). Plaintiff has not referred to a Wisconsin statute creating a fiduciary relationship under the test set forth in *Johnson, supra,* and the court has not located such a statute.

Summary judgment is appropriate where the court is convinced based upon the entire record that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *In re Tinnell Traffic Services, Inc.,* 43 B.R. 277, 278 (Bankr.M.D.Tenn.1984). If the non-moving party is entitled to summary judgment as a matter of law, such judgment may be granted. *In re Governor's Island,* 45 B.R. 247, 258 (Bankr.E.D.N.C. 1984).

Defendant is entitled to summary judgment dismissing plaintiff's claim for nondischargeability under sec. 523(a)(4). As a matter of law, the court must conclude that defendant was not in a fiduciary capacity within the meaning of sec. 523(a)(4). The

factual issues alleged by plaintiff in support of its claim under sec. 523(a)(2)(A) are in dispute. Trial of this matter is necessary.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### ORDER

IT IS ORDERED THAT summary judgment dismissing plaintiff's nondischargeability claim under 11 U.S.C. § 523(a)(4) is granted.

IT IS FURTHER ORDERED That the plaintiff's nondischargeability claim under 11 U.S.C. § 523(a)(2)(A) shall be scheduled for trial.