In re Phyllis A. BACHMAN, Debtor.

Nicole BACHMAN, Plaintiff,

v.

Phyllis BACHMAN–COLLINS, Defendant.

Bankruptcy No. 96–10822.
Adversary No. 96–1109.

United States Bankruptcy Court, S.D. Ohio, Western Division.

Nov. 22, 1996.

M. Bradford Sanders, Montgomery, OH, for Plaintiff.

Edward M. O'Connell, Jr., Cincinnati, OH, for Defendant.

### DECISION and ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

The complaint now before us seeks relief by way of non-dischargeability of debt. Plaintiff is the daughter of defendant. The complaint asserts counts under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(4).

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(I).

In Count 1 of her complaint, plaintiff says that defendant obtained stock certificates owned by plaintiff with intent to defraud plaintiff and refused to surrender them to plaintiff on request. In her second count in the complaint, plaintiff says that defendant obtained stock certificates owned by plaintiff and by disposing of them committed defalcation while acting in a fiduciary capacity, embezzlement or larceny, in the language of § 523(a)(4).

Plaintiff has now moved for summary judgment, contending that she is entitled to summary judgment on grounds of collateral estoppel based upon prior proceedings in the Court of Common Pleas for Hamilton County, Ohio. Plaintiff supports her motion by a certified copy of a complete transcript of the September 12, 1994 decision of Hamilton County, Ohio, Court of Common Pleas, Case No. A91–10800, and certified copy of the complaint in that case. Defendant has filed a memorandum in opposition to the motion.

In regard to the application of collateral estoppel, this court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered. *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 81, 104

S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *In re Bursack*, 65 F.3d 51 (6th Cir.1995).

Under Ohio law, collateral estoppel precludes parties from relitigating an issue that was actually and directly litigated in a prior action, was passed upon and determined by a court of competent jurisdiction, and when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action. *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923 (1994). *See also Cashelmara Villas Ltd. Partnership v. DiBenedetto*, 87 Ohio App.3d 809, 814, 623 N.E.2d 213, 215 (1993) (quoting *Monahan v. Eagle–Picher Industries*, 21 Ohio App.3d 179, 180–181, 486 N.E.2d 1165, 1168 (1984)).

It is the position of plaintiff that the findings of fact and conclusions of law included in the decision announced by the Common Pleas Court, which is part of the record here, establish that plaintiff is entitled to succeed on her § 523(a)(4) claim, that defendant committed defalcation while acting in a fiduciary capacity. Defendant contends that plaintiff cannot succeed on this ground because the Common Pleas Court did not find "that she [defendant] held them in a fiduciary capacity." (Defendant memorandum p. 3). Plaintiff asserts, however, that defendant was a fiduciary with regard to plaintiff because of the parent/child relationship. Plaintiff argues that state law is to be used to determine if a fiduciary relationship exists, and under Ohio law, a parent/child relationship creates a fiduciary relationship, citing *Simmons v. Becker, et al.*, 63 Ohio App. 374, 26 N.E.2d 939 (Mtgy.Cty.1939); *Berkmeyer v. Kellerman*, 32 Ohio St. 239 (1877).

It is the conclusion of this court that for purposes of § 523(a)(4), a parent/child relationship without more is not sufficient to constitute the parent a fiduciary with respect to the child. The applicable law was well stated by the court in *In re Ford*, 52 B.R. 553, 556 (Bankr.W.D.Ky.1985):

In order to come within Section 523(a)(4) on the ground of fraud applicable to fiduciaries, the creditor must prove the debtor was acting as a fiduciary as defined by federal law. *In re Johnson*, 691 F.2d 249, 251 (6th Cir.1982); *Matter of Angelle*, 610 F.2d 1335, 1341 (5th Cir.1980). The traditional definition of "fiduciary"—a relationship involving confidence, trust and good faith, is not sufficient in proving "fiduciary capacity" under Section 523(a)(4). *In re Johnson, supra.* As noted by debtor, the term "fiduciary capacity" is limited in application in discharge of debt provisions to technical or express trusts. *In re Johnson, supra; In re Cook*, 38 B.R. 743 (Bkrtcy.App.1984); *In re Blalock*, 15 B.R. 33 (Bkrtcy., E.D.Tenn.1981). *In re Duiser*, 12 B.R. 538 (Bkrtcy., W.D.Va.1981); *Matter of Murphy*, 9 B.R. 167 (Bkrtcy., E.D.Va.1981); *In re Boese*, 8 B.R. 660 (Bkrtcy., S.D.1981).

*See also In re Hiner*, 94 B.R. 955, 958 (Bankr.N.D.Ohio 1988).

While plaintiff in her memorandum relies upon *In re Steed*, 157 B.R. 355 (Bankr. N.D.Ohio 1993) for the proposition that one may look to state law to determine the existence of a fiduciary capacity, that case involved a commercial relationship, and in any case is not inconsistent with the proposition that in the end it is federal law which determines the existence of a fiduciary capacity for purposes of § 523(a)(4). Accordingly, plaintiff cannot succeed in her contention that the prior Common Pleas decision constituted an adjudication of her § 523(a)(4) claim. There was no holding by that court that there existed a fiduciary relationship between the parties. Such a relationship may not be implied because plaintiff and defendant were child and parent.

Plaintiff next contends that the Common Pleas Court had concluded that the acts of defendant constituted embezzlement, and this, pursuant to § 523(a)(4), entitles plaintiff to succeed here. The elements of embezzlement for purposes of § 523(a)(4) are: (1) property of another was entrusted to defendant; (2) defendant appropriated the property for use other than for which it was entrusted; and (3) the circumstances indicate fraud. *In re Rico*, 133 B.R. 880, 882 (Bankr. N.D.Ohio 1991). On this motion, defendant argues against plaintiff's position on the basis that there was no finding of fraud by the Common Pleas Court.

A review of the findings of fact contained in the decision by the Common Pleas Court discloses that that court found that defendant's husband had left the household at a time when plaintiff and her brother Kevin were living with defendant and "Phyllis Bachman [defendant] had a number of debts to be paid pertaining to the mortgage payments on the house, the payments on the car, obtaining food and paying gas and electric bills so that she and Nicole and her son, Kevin, could still live and the Court finds that this was true, this was uncontroverted evidence." The court further found that defendant paid for these expenses by borrowing money from her mother and then "selling certain assets that were in the name of Nicole" to repay her mother. Later in its decision, the Common Pleas Court did say that defendant wrongfully sold property of plaintiff, but the court also said that "there was a way under the law that she [defendant] could have sold the certificates by applying to the Probate Court." The implication is clear that what the court regarded as wrongful about the sale by defendant of the certificates in plaintiff's name was that she did not follow correct legal procedure, for the court said "of course, ignorance of the law is no excuse." On this review of the holdings by the Common Pleas Court, we agree with defendant that the court there made no finding or holding which could be interpreted as deciding that any act by defendant constituted fraud, and fraud is an essential element of embezzlement.

Thus, plaintiff is unable to satisfy the requirements for the application of collateral estoppel in respect to either ground of § 523(a)(4), defalcation while acting in a fiduciary capacity, or embezzlement, the grounds urged by plaintiff on the present motion. We note that on this motion plaintiff made only passing mention of entitlement to judgment on the basis of § 523(a)(2)(A), false pretenses, false representation, or actual fraud. It is clear that the decision of the Common Pleas Court cannot be looked to as an adjudication to support judgment for plaintiff here on that basis for the reason which we have just stated regarding the absence of any finding of fraud by the Common Pleas Court.

Plaintiff's motion fails because it is based upon a contention that the issues here involved were decided by the Common Pleas Court, which must here be given collateral estoppel effect. We have found this contention not to be valid, for the Common Pleas Court did not decide those issues. What is before us is a motion for summary judgment. To succeed on a motion for summary judgment a party must, pursuant to F.R.Civ.P. 56, show that it is entitled to judgment as a matter of law. This plaintiff cannot do, and so the motion must be denied.

So Ordered.