[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Robert McClure, Jr. ("McClure") appeals from the trial court's entry of summary judgment in favor of defendant-appellee, David K. Finfrock ("Finfrock"), executor of the estate of Mary M. McClure, on McClure's claim for tortious interference with the expectancy of an inheritance. On appeal, he raises two assignments of error. Because we find neither assignment to be well taken, we affirm the trial court's entry of summary judgment.
We review the trial court's entry of summary judgment de novo, using the same standard that the trial court applied.[1] Summary judgment in favor of Finfrock was appropriate under Civ.R. 56(C) if he demonstrated that (1) there was no genuine issue of material fact, (2) he was entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for McClure, reasonable minds could only reach a conclusion adverse to him.
The record transmitted to this court demonstrates the following facts. Robert McClure, Sr., and Mary M. Finfrock were married in 1989. They each had one child from a previous marriage. Robert McClure, Sr., died in 1990. His will bequeathed his entire estate to Mary McClure as his surviving spouse. Mary McClure subsequently executed two wills, one in 1990 and one in 1991, that divided her assets equally between McClure, the son of Robert McClure, Sr., and Finfrock, her only son. In 1993, Mary McClure executed another will that revoked the prior wills, named her son as executor, and left all her assets to Finfrock. Twenty-three months after executing this will, Mary McClure died of breast cancer.
In November 1995, Robert McClure, Jr., filed a complaint in the probate court contesting the validity of Mary McClure's will. He alleged that Mary McClure had lacked the requisite testamentary capacity to execute the will and that Finfrock had unduly influenced her at the time she made the will. He also sought recovery from Finfrock for tortious interference with the expectancy of an inheritance. He claimed that Finfrock had tortiously interfered with his expected inheritance by causing Mary McClure to execute her 1993 will at a time when he knew or should have known that Mary McClure was susceptible to undue influence and duress, and that he had exerted such influence on her.
The probate court bifurcated the will-contest claim and the tortious-interference claim. Following a jury trial, the court journalized the jury's verdict for Finfrock on the undue-influence claim, and it further declared the will valid. We thereafter affirmed the judgment of the probate court on appeal.[2]
In May 1999, the probate court transferred the tortious-interference claim to the general division of the common pleas court for disposition. On July 18, 2000, Finfrock filed a motion for summary judgment in which he argued that McClure was collaterally estopped from prevailing on the claim because he would have to relitigate issues that had already been determined in the will-contest action. McClure filed a memorandum in opposition in which he argued that the probate court's judgment was limited solely to his will-contest claim. He additionally argued that the jury in the will-contest action never reached the issue of Finfrock's tortious conduct. On January 8, 2001, the trial court entered judgment for Finfrock on the basis of collateral estoppel. This appeal followed, with McClure asserting two assignments of error.
In his first and second assignments of error, McClure argues that the trial court erred when it held that he was collaterally estopped from maintaining a cause of action for intentional interference with the expectancy of an inheritance. We disagree.
Collateral estoppel precludes the relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action which was based on a different cause of action.[3] In order to assert collateral estoppel successfully, a party must prove the following: (1) that the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) that there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) that the issue was admitted or actually tried and decided, and was necessary to the final judgment; and (4) that the issue was identical to the issue involved in the suit under consideration.[4]
Issues are identical where they rest upon the same facts and are supported by the same proof.[5]
Neither party disputes that the first two elements of collateral estoppel have plainly been satisfied in this case. McClure was a party to both the will-contest action and the action for tortious interference. There was also a final judgment on the merits in the will-contest action after each party had been given a full and fair opportunity to litigate the issues.
McClure argues, however, that the third and fourth elements of collateral estoppel have not been satisfied because his theory of recovery in the tortious-interference action did not depend upon the validity of Mary McClure's 1993 will. Rather, McClure claims that his tortious-interference claim stemmed from a resulting trust between his father, Robert McClure, Sr., and Mary McClure, whereby he and Finfrock were to have equal rights of inheritance from their parents' consolidated assets. He further argues that Finfrock wrongfully diverted the assets of the oral trust over a period of years "by joint and survivor contracts that he wrongfully signed" with his mother. Because the probate jury in the will-contest action was never charged with determining whether Finfrock had tortiously interfered with Mary McClure's nonprobate assets before or after she signed her 1993 will, McClure contends that his tortious-interference claim is not precluded by collateral estoppel.
McClure, however, never raised these arguments below. As a reviewing court, we cannot add matter to the record before us that was not a part of the trial court's proceedings and then decide the appeal on the basis of that matter.[6] Our review must be confined strictly to the record before us.[7]
The record reveals that McClure's theory of recovery under his tortious-interference claim was the same theory that he had presented in the will-contest action: that "Finfrock tortiously interfered with his right to an expectancy by causing Mary McClure to execute her 1993 will at a time when he knew or should have known Mary M. McClure was susceptible to undue influence and duress, and that Finfrock exerted such undue influence on her." His tortious-interference claim was also supported by the same evidence that he had presented in the will-contest action. Because a probate jury in the will-contest action had already determined that Mary McClure's 1993 will was a product of her own volition, and that it was made without any duress or undue influence by Finfrock, collateral estoppel prevented McClure from raising the same issues when he later attempted to litigate his tortious-interference claim.
Because McClure could not prevail on his tortious-interference claim without relitigating issues that were raised and decided during the will-contest action, the trial court correctly granted summary judgment. As a result, we overrule his first and second assignments of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.
[1] Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243,1245.
[2] McClure v. Finfrock (Mar. 19, 1999), Hamilton App. No. C-980323, unreported.
[3] Goodson v. McDonough Power Equip., Inc. (1983), 2 Ohio St.3d 193,195, 443 N.E.2d 978, 981.
[4] Monahan v. Eagle Picher Industries, Inc. (1984), 21 Ohio App.3d 179,180-81, 486 N.E.2d 1165, 1168.
[5] Id. at 181, 486 N.E.2d at 1168.
[6] See App.R. 12(A)(1)(b); State v. Ishmail (1978), 54 Ohio St.2d 402,377 N.E.2d 500, paragraph one of the syllabus.
[7] See App.R. 12(A)(1)(b).