NEWTON ET AL., APPELLEES, *v.*
JONES ET AL., APPELLANTS.

(No. 45031—Decided January 23, 1984.)

*Mr. John V. Jackson* and *Mr. Conrad J. Morgenstern,* for appellees.

*Mr. Robert J. Sawyer,* for appellants.

*Per Curiam.* Defendant-cross-claim-ant-appellant Gregory Jones ("defendant") appeals from the judgment of the

trial court dismissing his claim against Noreen Hochheiser ("Hochheiser"). The trial concluded the claim was barred by the applicable statute of limitations (R.C. 2305.10). For the reasons adduced below, the judgment is reversed.

## I

On September 1, 1977, in a three-car collision, an auto operated by Noreen Hochheiser struck that driven by defendant, pushing him into a car driven by Arleen Rose Newton. Gerald Bailey was a passenger in defendant's car. On December 19, 1977, Newton instituted suit naming both Jones and Hochheiser as defendants. In an entry journalized January 26, 1979, the case was referred to arbitration under Cuyahoga County Common Pleas Local Rule 29 ("Rule 29"). Rule 29, Part III (A)(1) forbids new pleadings during the arbitration period:

"(1) The Journal Entry referring a case to Arbitration shall read as follows:

"All interrogatories and answers thereto have been filed. All motions have been ruled upon. The issues are joined and the case is ready for trial. *No further pleadings, motions, discovery or delays permitted.* Case referred to Arbitration. Arbitration hearing will be held and concluded within ninety (90) days." (Emphasis *sic*.)

On April 4, 1979, counsel for the defendant filed a pleading entitled "third party complaint of Gregory Jones and Gerald Bailey." Hochheiser was denominated the "third party defendant." On April 25, 1979, the court vacated its order referring the case to arbitration. Both of these dates are within the two-year statute of limitations, R.C. 2305.10.

On March 12, 1980, counsel for defendant filed a pleading entitled "amended cross complaint of Gregory Jones and Gerald Bailey." In that pleading Jones alleged that Hochheiser proximately caused injury to him and Bailey. He further represented that "leave to amend [had been] with the consent of all parties

heretofore granted at pretrial." On the date of the amendment no responsive pleading to defendant's "third party complaint" had been filed.

In response to the pleadings, Hochheiser moved to dismiss alleging that defendant's claim was barred by the statute of limitations. On July 11, 1980, the motion to dismiss was granted as to Jones but overruled as to Bailey. On August 12, 1980, the court issued a memorandum of opinion that stated in part:

"Filing of a cross-claim by Jones could only have been achieved upon vacation of the referral to arbitration, or by leave of court, and within the two-year statute of limitations [*sic*] period. Bailey, not a party to the original action, was not restricted by the arbitration referral. Although his complaint was improperly titled and was joined with an 'unpermitted' pleading, the error is not sufficient to bar his suit."

Jones appealed the dismissal. That appeal was dismissed for lack of jurisdiction under Civ. R. 54(B).[1] On June 18, 1981, a stipulation for dismissal and a journal entry was journalized exemplifying the settlement of Newton's claims against Hochheiser. In January 1982, a jury returned a verdict in favor of Bailey finding Hochheiser liable in the amount of $1,081. Jones appealed again. This latter appeal raises the question now before the court for decision.

## II

Jones assigns one error:

"The court committed error and abused its discretion in granting the dismissal of the 'third party complaint' and the 'amended cross complaint' of Gregory Jones, the defendant, crosscomplainant and appellant and denied third-party complainant procedural due

---

[1] See *Newton* v. *Jones* (Mar. 26, 1981), Cuyahoga App. No. 42884, unreported.

process of law under both federal and state Constitutions."

The threshold question is whether the pleading moratorium imposed by Rule 29 prohibits all further pleading in a case sent to arbitration even if the arbitration reference is terminated as it was here. The response is determined by an analysis of the purpose of the arbitration journal entry setting up the restriction. The purpose is obvious from the placement of the "stop" on pleading within the phrase "[n]o further pleadings, motions, discovery, or delays permitted." The context makes it clear that the pleading stricture is coupled with stops on other preliminary actions to avoid delay in arbitration proceedings. It follows that when the arbitration procedure ended, so did the purpose of the moratorium.

While the pleading filed during the pendency of the arbitration could not affect that special process, the pleading was not a nullity. And with the vacation of the order effecting the reference to arbitration (on April 25, 1979), the pleading filed April 4, 1979, became viable well within the two-year statute of limitations.[2]

The next issue concerns the efficacy of defendant's attempt to amend his pleading to render it an "amended cross complaint."[3]

The trial court did not grant Jones leave to file his claim against Hochheiser. However, Civ. R. 15(A) permitted it:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *."

Hochheiser filed no responsive pleading (that is no answer or motion challenging defendant's claim) before filing the motion to dismiss on April 22, 1980.[4] Thus, the amendment of Jones' original pleading against Hochheiser was permissible as a matter of right under the rule. *Bell* v. *Coen* (1975), 48 Ohio App. 2d 325, 327 [2 O.O.3d 308]; *Nolen* v. *Fitzharris* (C.A. 9, 1971), 450 F. 2d 958, at 959.

Further, Civ. R. 15(C) provides in part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

The assignment of error is well-taken.

### III

The judgment is reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed and*
*cause remanded.*

DAY, P.J., MARKUS and NAHRA, JJ., concur.

---

[2] It is unnecessary to decide whether the same conclusion would follow if the vacation of the arbitration reference had come more than two years after the cause of action arose.

[3] There is no contention that the amendment changed the basic theory of the cause of action.

[4] It has been held that even the motion to dismiss cannot be considered a responsive pleading within the meaning of Fed. R. Civ. P. 15. *Nolen* v. *Fitzharris* (C.A. 9, 1971), 450 F. 2d 958.