MONAHAN, ADMX., APPELLANT, *v.*
EAGLE PICHER INDUSTRIES, INC.
ET AL., APPELLEES.

(No. C-830809—Decided
December 12, 1984.)

*Baskin & Sears, Antonio D. Pyle*
and *Frederic F. Tilton,* for appellant.

*Benjamin, Faulkner, Tepe & Sack,*
*Robert H. Sack* and *Thomas R. Yocum,*
for appellee Eagle Picher Industries,
Inc.

*Dinsmore & Shohl, Nancy A.*
*Lawson, Fuller & Henry, Thomas C.*
*Dalrymple, Robert A. Bunda* and *Allan*
*J. Miller,* for appellee Owens-Illinois,
Inc.

*Per Curiam.* This cause came on to
be heard upon an appeal from the Court
of Common Pleas of Hamilton County.

On November 10, 1980 plaintiff, in
her own right and as administratrix of
her husband's estate, filed two wrongful
death actions. One suit, from which this
appeal follows, was filed against three
state defendants in the Hamilton Coun-
ty Court of Common Pleas. The other
suit, naming five different federal defen-
dants, was filed in the United States
District Court for the Southern District
of Ohio. The federal case went to jury
trial in July 1982 against three of the
five federal defendants. All three were
found not liable. *Monahan* v. *Johns-*
*Manville Sales Corp.* (July 28, 1982),
S.D. Ohio No. C-1-80-609, unreported.
On the basis of the federal court's judg-
ment the three state defendants, in July
1983, moved for summary judgment
claiming that plaintiff's state suit was
barred by collateral estoppel. The trial
court, in a single order, granted the mo-
tions, dismissing plaintiff's causes of ac-
tion as both administratrix of her hus-
band's estate and in her own right.

On appeal plaintiff asserts the single
assignment of error that the trial court
erred when it granted defendants' mo-
tions for summary judgment. We find
that plaintiff's assignment of error has
merit. The federal issues, as defined by
the judge's jury instructions and the
specific questions answered on the
jury's verdict form, were whether the
asbestos-containing products manufac-
tured by each of the *three federal defen-*
*dants* proximately caused the death of
plaintiff's decedent. The issues to be
litigated in state court are whether the
asbestos-containing products manufac-
tured by each of the individual state
defendants proximately caused
plaintiff's decedent's death. We hold
that the two sets of issues are *not* the
same and that therefore the doctrine of
collateral estoppel does not operate as a

bar to plaintiff's state cause of action.[1]

Plaintiff's husband, Paul D. Monahan, had a twenty-two-year career as an asbestos insulation mechanic. During the course of that career he worked as an independent contractor at numerous industrial and power station facilities installing asbestos insulation around large industrial boilers. According to the federal trial testimony of one of Monahan's co-workers, the entire asbestos installation procedure was shrouded in a cloud of asbestos dust.

Dr. Bertram Carnow, plaintiff's expert medical witness, testified at the federal trial that in his opinion Monahan's prolonged exposure to asbestos resulted in the cumulative absorption of asbestos fibers in his lungs. The fibers eventually spread throughout Monahan's body, causing adenocarcinoma of his colon and finally resulting in adenocarcinomatosis, the spread of cancer throughout many of his organ systems. Dr. Carnow testified that five years of consistent asbestos exposure would have been sufficient to cause Monahan's asbestos-related cancer.

The federal defendants called Monahan's own treating physicians as their expert witnesses. Both doctors testified that in their opinions Monahan's cancer was attributable to causes other than exposure to asbestos.

After all of the evidence had been presented, the federal judge carefully instructed the jury that in order for plaintiff to prevail she had to prove by a preponderance of all the evidence that Monahan was not only exposed to the product or products of one or more defendants but that the proximate cause of his colon cancer was exposure to a particular defendant's product. Accordingly, the jury's verdict form had three specific questions, one addressed to each of the federal defendants, as follows:

"1. Was the exposure to a product or products manufactured by defendant Johns-Manville Sales Corp. a proximate cause of Paul Monahan's death?
_____ (fill in)
Yes or No

"2. Was exposure to a product or products manufactured by defendant The Celotex Corp., or by a company whose liabilities Celotex took over, a proximate cause of Paul Monahan's death?
_____ (fill in)
Yes or No

"3. Was exposure to a product manufactured by defendant Pittsburgh Corning Corp. a proximate cause of Paul Monahan's death?
_____ (fill in)
Yes or No"

The jury answered each of these interrogatories in the negative and the trial court entered judgment holding that none of the federal defendants were liable. This judgment does *not* collaterally estop plaintiff's state court suit.

In order to assert collateral estoppel successfully, a party must plead and prove the following elements:

(1) The party against whom estoppel is sought was a party or in privity with a party to the prior action;

(2) There was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;

---

[1] This case is not decided on the ground of a lack of mutuality between parties, the state defendants obviously differing from the federal defendants. Ohio has generally continued to apply the requirement of mutuality, *Goodson* v. *McDonough Power Equip., Inc.* (1983), 2 Ohio St. 3d 193, 198, but in the case of *Hicks* v. *De La Cruz* (1977), 52 Ohio St. 2d 71 [6 O.O.3d 274], the Ohio Supreme Court did recognize a limited exception in an "offensive" use of collateral estoppel. We do not reach the issue of whether or not this case presents a similar exception to the general requirement of mutuality.

(3) The issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and

(4) The issue must have been identical to the issue involved in the prior suit.

See *Parklane Hosiery Co.* v. *Shore* (1979), 439 U.S. 322, 326; *Hicks* v. *De La Cruz* (1977), 52 Ohio St. 2d 71, 74-75 [6 O.O.3d 274].

Accordingly, where the identical issues raised by a plaintiff's state court complaint have been previously litigated in federal court, the doctrine of collateral estoppel precludes litigation of those same issues. *Bahramian* v. *Murray* (Oct. 26, 1983), Hamilton App. No. C-820870, unreported. See, also, *Calhoun* v. *Supreme Court of Ohio* (1978), 61 Ohio App. 2d 1 [15 O.O.3d 13]. In the instant case, the first two elements of collateral estoppel are plainly satisfied, because plaintiff was the same party in both the federal and state actions and there was obviously a final judgment in plaintiff's federal suit after a full opportunity to litigate. The focus of this court's analysis is therefore centered on the third and fourth elements, specifically as to whether there exists an identity of issues between the federal and state suits.

The state defendants assert that only one issue was tried in the federal case: the general issue of causality. They argue that because the federal defendants did not refute plaintiff's evidence of Paul Monahan's exposure to their asbestos-containing products, the federal jury must have concluded, by implication, that Monahan's death was simply not caused by exposure to asbestos. We disagree. The trial judge's instructions and the questions on the jury's verdict form clearly delineate the precise issues that were tried and resolved in the federal court. The larger, more encompassing issue of general causation was not necessarily decided by

implication and therefore does not operate as a bar to plaintiff's state suit.

In *Norwood* v. *McDonald* (1943), 142 Ohio St. 299, 306 [27 O.O. 240], the Ohio Supreme Court stated that the test to be used in determining the identity of issues involves a consideration of the evidence presented in support of each:

"'* * * '* * * If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other.' 30 American Jurisprudence, 918, Section 174. See, also, 2 Freeman on Judgments (5 Ed.), 1447, Section 687; *Bell* v. *Merrifield,* 109 N.Y., 202, 16 N.E., 55, 4 Am. St. Rep., 436; *Curtiss* v. *Crooks, Trustee,* 190 Wash., 43, 66 P. (2d), 1140."

In the instant case, the issues tried in plaintiff's state and federal causes of action rest upon different facts and are supported by different proof. In her federal claim plaintiff sought to prove that each of the federal defendants actually manufactured asbestos-containing products, that her decedent was exposed to those products and finally died as a proximate result of that exposure. Her evidence accordingly included proof of manufacture, exposure and causality. The specific focus of the issue of proximate cause was emphasized in the federal judge's repeated jury instructions that, in order to attach liability to a particular federal defendant, Paul Monahan must have not only been exposed to the asbestos-containing products of that defendant, but that exposure must also have been a proximate cause of his death. This specificity was underscored by the three questions presented to the jury on their verdict

form, each question indicating the liability of a *particular federal defendant.*

In her state claim plaintiff seeks to prove that each individual *state defendant* manufactured or sold asbestos-containing products, that Paul Monahan was exposed to *those* particular products and died as a proximate result of *that* exposure. This evidence will necessarily be quite different from that presented at the federal trial where plaintiff sought to hold the federal defendants liable. Some of the evidence adduced at a state trial may well overlap with that presented in federal court, particularly the evidence of medical opinion as to causality and the co-worker's testimony concerning the mechanics of being an asbestos insulation worker, but such an evidentiary overlap is not determinative of the identity of the issues.[2] It is rather the differences in the focus of evidence and proof that determine the dissimilarity of issues and requires that a judgment in one action not be a bar to the maintenance of the other. *Norwood v. McDonald, supra.*

The issues that were litigated and resolved in plaintiff's federal causes of actions are different from those to be litigated in state court. Accordingly, plaintiff's state cause of action is not barred by collateral estoppel. We reverse and remand for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

KEEFE, P.J., BLACK and DOAN, JJ., concur.

---

[2] Although this court was not presented with a complete record of the federal court proceedings, there was apparently some evidence offered at the federal trial of Paul Monahan's exposure to several asbestos-containing products manufactured by two of the state defendants. This evidence would no doubt also be offered at the state trial.