**CASHELMARA VILLAS LIMITED PARTNERSHIP et al., Appellants,**

v.

**DiBENEDETTO et al., Appellees.**

[Cite as *Cashelmara Villas Ltd. Partnership v. DiBenedetto* (1993), 87 Ohio App.3d 809.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62117.

Decided July 19, 1993.

810

*Dieter Domanovic,* for appellants.

*Rosenzweig, Schulz & Gillombardo Co., L.P.A.,* and *Bill J. Gagliano; John C. Oberholtzer* and *Theodore J. Lesiak;* and *David K. Speaker,* for appellees.

PATTON, Presiding Judge.

Plaintiffs-appellants The James Group ("James Group") and Cashelmara Villas Limited Partnership ("Cashelmara") (collectively "appellants") appeal from the trial court's order which granted defendants-appellees' motion to dismiss and/or for summary judgment. Appellants also challenge the trial court's order which granted appellees' motion to strike appellants' amended complaint. For the reasons that follow, we affirm.

The relevant facts are as follows: The James Group is the general partner of Cashelmara Villas Limited Partnership. On or about September 15, 1986, Cashelmara Partnership entered into a contract with Evergreen-on-the-Lake, Inc. ("Evergreen"), an entity which is a nonparty to the instant lawsuit, to purchase two condominium units to be constructed in Bay Village, Ohio.[1] In *The*

---

1. Appellants attempted to bring Evergreen into the within lawsuit by amending its complaint. The trial court disallowed appellants to amend their complaint. Appellants challenge this order of the trial court in Assignment of Error No. II, *infra.*

*James Group et al. v. Evergreen-on-the-Lake, Inc. et al.* (June 26, 1990), Cuyahoga C.P. No. 89–CV–169167 ("Case I"), unreported, these appellants obtained a judgment against Evergreen, Patricia A. Corna and Robert Corna on the subject purchase agreement for the same two condominium units that are the subject of this second lawsuit.

A review of the complaint in Case I reveals that it is identical to the complaint in this action. The allegations are identical and the underlying transaction is the same. The only difference is that appellants are suing different defendants and attempting to recover twice for the same complained-of actions.

In Case I, appellants asserted, *inter alia,* that Evergreen, Patricia A. Corna and Robert Corna breached the subject purchase agreement and wrongfully converted the downpayment funds paid by Cashelmara Partnership for the subject condominium units. This action was filed in May 1989. In October 1989, appellants amended their complaint to include Thomas A. Cadwell, Acorn Creek Development, Inc. ("Acorn") and David K. Speaker, Esq., three of the nine defendants herein. Subsequently, appellants dismissed the three aforementioned defendants herein pursuant to Civ.R. 41(A) and received a default judgment against Evergreen, Patricia A. Corna and Robert Corna.

Final judgment in Case I was rendered on June 26, 1990. On August 1, 1990, the same appellants filed a second lawsuit. In this case, appellants brought identical, verbatim claims against the following defendants: (1) Ann DiBenedetto; (2) David S. DiBenedetto; (3) Tony DiBenedetto; (4) DiBenedetto and Companies; (5) Bel Aire Building Co., Inc.; (6) Huntington Woods Building Co., Inc. (collectively the "DiBenedetto Group"); (7) Thomas A. Cadwell; (8) Acorn Creek Development, Inc.; and (9) David K. Speaker, Esq.

Appellants also alleged identical causes of action against Cadwell, Acorn and Speaker, which claims had been dismissed by appellants in Case I.

On September 5, 1990, the DiBenedetto Group filed a motion to dismiss and/or for summary judgment prior to answering said complaint. The motion essentially stated that appellants were collaterally estopped from bringing the within action against them. Moreover, the DiBenedetto Group asserted that they were not parties to the subject purchase agreement. Said agreement expressly stated the relevant parties to the contract were the James Group and Cashelmara Partnership, as purchasers, and Evergreen as the seller.[2]

On January 10, 1991, and after defendants Cadwell, Acorn and Speaker filed answers, appellants filed an amended complaint attempting to add Evergreen as

---

2. This fact is conceded by appellants herein, as is knowledge of the existence of the DiBenedetto Group at the time of the litigation in Case I.

a new-party defendant. Appellants did not seek leave of court. Thereafter, the DiBenedetto Group filed a motion to strike appellants' amended complaint. This motion was granted.

Appellants now appeal and assign two errors for our review:

"I. The trial court erred when it dismissed the plaintiffs' complaint upon defendants' motion to dismiss pursuant to Civ.R. 12(B)(6).

"II. The trial court erred when they [*sic*] ordered that the amendment to the complaint be stricken."

## I

In appellants' first assignment of error, they argue the trial court erred in granting defendants' motion to dismiss and/or summary judgment. Specifically, appellants contend that the doctrines of *res judicata* and collateral estoppel are inapplicable because the parties are not identical. Appellants claim they were unable to identify the DiBenedetto Group at the time of Case I due to the latter's ability to fraudulently conceal their involvement. Appellants have misconstrued the law of *res judicata* and have completely ignored the doctrine of collateral estoppel.

One aspect of the doctrine of *res judicata* is collateral estoppel or, as otherwise referred to, issue preclusion. A prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action. *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 2 OBR 732, 443 N.E.2d 978, paragraph one of the syllabus. The essential test in determining whether the doctrine of collateral estoppel is to be applied is whether the party against whom the prior judgment is being asserted had full representation and a "full and fair opportunity to litigate that issue in the first action." *Goodson, supra*, at 201, 2 OBR at 739, 443 N.E.2d at 985; *Hicks v. De La Cruz* (1977), 52 Ohio St.2d 71, 74–75, 6 O.O.3d 274, 276–277, 369 N.E.2d 776, 777–778. Inherent in the concept of collateral estoppel is the requirement of mutuality of parties. *Goodson, supra*. However, the requirement is waivable "upon the basis of serving justice within the framework of sound public policy." *Id.*

An exception to the mutuality requirement exists. The Ohio Supreme Court in *Hicks, supra*, recognized a limited exception in an "offensive" use of collateral estoppel.

"In order to assert collateral estoppel successfully, a party must plead and prove the following elements:

"(1) The party against whom estoppel is sought was a party or in privity with a party to the prior action;

"(2) There was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;

"(3) The issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and

"(4) The issue must have been identical to the issue involved in the prior suit."

"See *Parklane Hosiery Co. v. Shore* (1979), 439 U.S. 322, 326 [99 S.Ct. 645, 649, 58 L.Ed.2d 552, 559]; *Hicks v. De La Cruz* (1977), 52 Ohio St.2d 71, 74–75 [6 O.O.3d 274, 276–277, 369 N.E.2d 776, 777–778]." *Monahan v. Eagle Picher Industries, Inc.* (1984), 21 Ohio App.3d 179, 180–181, 21 OBR 191, 193, 486 N.E.2d 1165, 1168.

In this case, the above elements are satisfied and therefore the doctrine of collateral estoppel operates as a bar to the within action. In fact, the complaint in this case is taken verbatim from the complaint in Case I.

Appellants cannot claim that collateral estoppel does not bar the within action on the basis of lack of mutuality of parties, where appellants should have joined the DiBenedetto Group as necessary parties in Case I. See Civ.R. 19. Moreover, Cadwell, Acorn and Speaker were party defendants in Case I prior to appellants' voluntary dismissal of them for reasons unknown to this court.

Accordingly, the first assignment of error is overruled.

## II

In appellants' second assignment of error, they argue the trial court abused its discretion in granting defendants' motion to strike the amended complaint. Specifically, they contend that, pursuant to Civ.R. 15, they had a right, as a matter of course, to amend the complaint to add Evergreen as a new-party defendant.

Civ.R. 15(A) reads in relevant part:

"(A) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. * * *"

There is an absolute right to amend a pleading without leave of court at any time before a responsive pleading is filed. *Newton v. Jones* (1984), 13 Ohio App.3d 449, 13 OBR 539, 469 N.E.2d 962. An answer is considered a responsive pleading for purposes of Civ.R. 15. *Id.* at 451, 13 OBR at 541, 469 N.E.2d at 964;

Civ.R. 7(A). A motion to dismiss, on the other hand, is not a pleading pursuant to Civ.R. 7(A) and, therefore, when a motion to dismiss is filed before any responsive pleading, the absolute right to amend is not abated. See *Gieg v. Gieg* (1984), 16 Ohio App.3d 51, 55, 16 OBR 55, 58–59, 474 N.E.2d 626, 630.

The DiBenedetto Group filed a motion to dismiss. Ergo, appellants had an absolute right to amend their complaint once as a matter of course. *Id.* However, appellants could not have amended their complaint without leave of court or by written consent of the adverse parties as to Cadwell, Acorn and Speaker because they filed a responsive pleading, *viz.*, an answer, prior to appellants' amended complaint.

While procedurally the trial court was in error regarding its granting of the motion to strike appellants' amended complaint as to the DiBenedetto Group, substantively the amended complaint was properly denied by the court as the claims sought against Evergreen are legally inappropriate. Cf. *Sentner v. Amtrak* (D.N.J.1982), 540 F.Supp. 557. Appellants attempted to add Evergreen as a new-party defendant by way of an amended complaint, but they had already obtained judgment against the corporation in a carbon-copy lawsuit a short time prior to the within action. *Res judicata* bars appellants' attempt.

"The doctrine of *res judicata* prohibits repeated attacks upon a final judgment. The doctrine of *res judicata* bars not only the relitigation of issues actually determined in a prior proceeding, but also bars matters which properly could have been litigated in the prior action. *Stromberg v. Bd. of Edn.* (1980), 64 Ohio St.2d 98 [18 O.O.3d 343, 413 N.E.2d 1184]." *Dreger v. Bundas* (Nov. 15, 1990), Cuyahoga App. No. 57389, unreported, at 9, 1990 WL 178193.

We find the trial court did not abuse its discretion in granting the motion to strike as it is apparent, based upon the doctrine of *res judicata*, that appellants already obtained a final judgment against Evergreen on the exact issues in Case I that they wish to relitigate in Case II.

Accordingly, the second assignment of error is overruled.

*Judgment affirmed.*

HARPER and PORTER, JJ., concur.