OPINION.
In 1996, plaintiff-appellant Tommy Asher filed suit against defendant-appellee city of Cincinnati. Asher claimed that the city caused him economic loss by its police force's racially motivated harassment of the patrons of the "Primetime" nightclub, which was operated on his property by a tenant. This court held that Asher did not have standing to bring the suit.[1]
In 1998, Asher filed another suit against the city. This suit, which was based on the same set of facts as the prior suit, alleged an unlawful taking of the property by the city. The trial court dismissed the suit based on res judicata, and Asher now appeals. In his sole assignment of error, Asher argues that res judicata does not apply. We agree.
To apply, res judicata requires a prior judgment on the merits.[2] While we have been unable to find an Ohio case on point, courts from other jurisdictions have concluded that a dismissal for lack of standing is not "on the merits" for purposes of res judicata.[3] We agree with those courts and hold that Asher's prior suit against the city, which was dismissed based on standing, was not decided "on the merits." Thus, the court erred in dismissing the present suit based on res judicata. Asher's sole assignment is sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with law.
We note that the sole issue that we decide in this opinion is that the present suit is not barred by res judicata
based on our judgment in Asher's prior suit against the city. At oral argument, counsel for the city argued that, independent of the issue decided in this appeal, there are other reasons why Asher's present suit should be dismissed. But those arguments were not raised below, and some were not even raised in the city's appellate brief. While the city may raise those arguments on remand to the trial court, we decline to address them at this point.
Judgment reversed and cause remanded.
 Winkler and Shannon, JJ., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Asher v. Cincinnati (June 26, 1998), Hamilton App. No. C-970659, unreported.
[2] See Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381,653 N.E.2d 226, 228 (elements of res judicata); see, also, Monahan v.Eagle Picher Industries, Inc. (1984), 21 Ohio App.3d 179, 180,486 N.E.2d 1165, 1168 (collateral estoppel requires a judgment "on the merits").
[3] See, e.g., Thomas v. Brown (E.D.Pa. 1997), 969 F. Supp. 956,959; Goldberger v. Kaplan, Strangis and Kaplan, P.A.
(Minn.App. 1995), 534 N.W.2d 734, 736, fn. 1; Legassey v. Shulansky
(1992), 28 Conn. App. 653, 658, 611 A.2d 930, 933; see, also,Metmore Financial, Inc. v. Slimmer (May 17, 1996), Trumbull App. No. 95-T-5341, unreported.