OPINION *Page 2 
{¶ 1} Appellant James B. Carver appeals the April 27, 2007, decision of the Richland County Court of Common Pleas granting summary judgment in favor of Appellees Richland County Sheriff's Deputies Robert Mack and J. S. McBride, Richland County Sheriff James Stierhoff, Richland County Prosecutor James Mayer, Jr. and Richland County.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 15, 2000, Appellant, James Carver, filed a complaint in the Federal District Court, Northern District of Ohio, Eastern Division, against Appellees, Richland County Sheriff's Deputies Robert Mack and J. S. McBride, Richland County Sheriff James Stierhoff, Richland County Prosecutor James Mayer, Jr. and Richland County. Appellant alleged federal and state claims, claiming he was wrongfully investigated, arrested and charged with aggravated burglary. Appellant's claims included false arrest, malicious prosecution, intentional infliction of emotional distress, defamation and invasion of privacy.
 {¶ 3} On June 19, 2003, the District Court granted summary judgment to Appellees on Appellant's federal claims, and dismissed Appellant's state claims without prejudice.
 {¶ 4} On November 24, 2004, the U.S. Court of Appeals for the Sixth Circuit affirmed the District Court's decision.
 {¶ 5} On December 27, 2004, Appellant filed a complaint in the Court of Common Pleas of Richland County, Ohio, re-asserting his state claims. *Page 3 
 {¶ 6} On January 31, 2005, Appellees filed a motion for judgment on the pleadings pursuant to Civ. R. 12(C).
 {¶ 7} By order filed May 6, 2005, the trial court granted the motion based on the doctrine of issue preclusion and dismissed Appellant's complaint.
 {¶ 8} Appellant appealed the trial court's May 6, 2005, decision to this Court wherein this Court unanimously reversed the trial court's order of dismissal on the pleadings and ordered this matter reinstated.
 {¶ 9} On October 13, 2006, Appellees filed a Motion for Summary Judgment.
 {¶ 10} On November 9, 2006, subsequent to the filing of an Affidavit of Disqualification with the Ohio Supreme Court, the case was transferred from Judge DeWeese to Judge Henson.
 {¶ 11} On March 13, 2007, following numerous motions for extensions of time, Appellant filed a motion to file his response to Appellees' motion for summary judgment instanter.
 {¶ 12} On March 16, 2007, the trial court granted Appellant's motion to file his response Instanter.
 {¶ 13} On March 22, 2007, Appellees filed their reply brief.
 {¶ 14} On April 26, 2007, the trial court docketed its notice that a non-oral hearing had been held on the pending motion for summary judgment.
 {¶ 15} On April 27, 2007, the trial court filed its decision granting Appellees' motion for summary judgment on all claims, and dismissed Appellant's complaint.
 {¶ 16} It is from the trial court's April 27, 2007, order that Appellant Carver now appeals, assigning the following error for review: *Page 4 
 ASSIGNMENT OF ERROR {¶ 17} "THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT."
 "Summary Judgment Standard" {¶ 18} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ. R. 56(C) provides, in pertinent part:
 {¶ 19} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 20} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion *Page 5 
that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 21} It is based upon this standard that we review Appellant's assignments of error.
 I. {¶ 22} Appellant claims the trial court erred in granting Appellees' motion for summary judgment. We disagree.
 {¶ 23} Appellant herein is essentially arguing that the Richland County Common Pleas Court erred in giving preclusive effect to the federal court's factual findings because the federal court did not dismiss his state law claims on the merits. The federal court elected to dismiss Appellant's state law claims because it had dismissed all of Appellant's federal claims over which it had original jurisdiction.
 {¶ 24} We agree with Appellant that the federal court's dismissal of his state law claims on jurisdictional grounds did not constitute an adjudication on the merits. See Voisin's Oyster House, Inc. v.Guidry (C.A.5, 1986), 799 F.2d 183, 188. However, while such a conclusion precludes application of the claim preclusive branch of res judicata, it does not preclude application of collateral estoppel because the federal court decided Appellant's federal law claims on the merits. The causes of action at issue in the federal court when it entered summary judgment were identical to the causes of action before *Page 6 
the Richland County Common Pleas Court. Accordingly, the fact that the federal court did not consider the merits of Appellant's state law claims is inconsequential to whether the trial court erred in applying collateral estoppel based on the federal court's factual findings on Appellant's federal law claims.
 {¶ 25} "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Grava v. ParkmanTwp. (1995), 73 Ohio St.3d 379, 381. Under the claim-preclusive branch of res judicata, "[a] final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." Id. quotingNorwood v. McDonald (1943), 142 Ohio St. 299, paragraph one of the syllabus. Under the issue preclusive branch of res judicata:
 {¶ 26} "A point of law or a fact which was actually and directly in issue in the former action, and was there passed upon and determined by a court of competent jurisdiction, may not be drawn in question in a subsequent action between the same parties or their privies. The prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action. * * *"
 {¶ 27} Scholler v. Scholler (1984), 10 Ohio St.3d 98, 105, quotingTrautwein v. Sorgenfrei (1979), 58 Ohio St.2d 493; Goodson v. McDonoughPower Equip., Inc. (1983), 2 Ohio St.3d 193, paragraph one of the syllabus. Thus, "even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit." Scholler at 106, quoting Trautwein at 495. *Page 7 
 {¶ 28} "[W]here the identical issues raised by a plaintiff's state court complaint have been previously litigated in federal court, the doctrine of collateral estoppel precludes litigation of those same issues." Monahan v. Eagle Picher Industries, Inc. (1984),21 Ohio App.3d 179, 181, citing Bahramian v. Murray (Oct. 26, 1983), Hamilton App. No. C-820870.
 {¶ 29} The Ohio Supreme Court has held that "[collateral estoppel applies when [a] fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." Thompson v. Wing (1994), 70 Ohio St.3d 176, 183, citingWhitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108, paragraph two of the syllabus. "The essential test in determining whether the doctrine of collateral estoppel is to be applied is whether the party against whom the prior judgment is being asserted had full representation and a full and fair opportunity to litigate that issue in the first action."Cashelmara Villas Ltd. Partnership v. DiBenedetto (1993),87 Ohio App.3d 809, 813, quoting Goodson at 201.
 {¶ 30} Upon review of the Complaint filed in the Federal Court case and the Complaint filed in the case sub judice, we find them to be virtually identical, containing identical parties and identical causes of action. The essential facts in the instant case concerned the same conduct that Appellant alleged in support of his federal claims and upon which the federal court relied in granting summary judgment in favor of Appellees. Since the same evidence would provide the underlying facts in both proceedings, the issues are the same for purposes of applying collateral estoppel. See Fort Frye Teachers Assn. v. State Emp.Relations Bd. (1998), 81 Ohio St.3d 392, 397. Appellant *Page 8 
was represented in the federal court and had a full opportunity to litigate the issues raised therein in federal court. As a court of competent jurisdiction, the federal court determined the facts surrounding Appellant's arrest, and Appellant may not now re-litigate those facts in a subsequent suit in the Richland County Court of Common Pleas.
 {¶ 31} Based on the facts, as determined by the federal court, Appellees were entitled to judgment as a matter of law on Appellant's claims as contained in the complaint filed in this action.
 {¶ 32} We overrule Appellant's assignment of error.
 {¶ 33} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 Wise, J., Hoffman, P. J., and Gwin, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1