**In re Michael Robert ANGELILLI, Debtor.**

**Clearview Designs, Inc., Plaintiff,**

**v.**

**Michael Robert Angelilli, Defendant.**

**Bankruptcy No. 10–42015.
Adversary No. 10–4207.**

United States Bankruptcy Court, N.D. Ohio.

Jan. 11, 2012.

Scott Carson Essad, Youngstown, OH, for Plaintiff.

Michael Robert Angelilli, pro se.

## MEMORANDUM OPINION REGARDING MOTION FOR SUMMARY JUDGMENT

KAY WOODS, Bankruptcy Judge.

This cause is before the Court on Plaintiff's Motion for Summary Judgment filed by Plaintiff Clearview Designs, Inc. ("Plaintiff") on August 29, 2011 (Doc. # 30). On September 19, 2011, the Debtor/Defendant Michael Robert Angelilli ("Debtor/Defendant") filed Reply to Plaintiff's Motion for Summary Judgment (Doc. # 31). For the reasons that follow, the Court will grant the Plaintiff's Motion for Summary Judgment.

This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the general order of reference (General Order No. 84) entered in this district pursuant to 28 U.S.C. § 157(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b), 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

### I. FACTS

#### A. State Court Action

On September 22, 2008, the Mahoning County Court of Common Pleas ("Mahoning Court") held a bench trial in a case styled, *Clearview Designs, Inc. v. Michael Daniel Corp. et al.* ("State Court Action"). The plaintiff in the State Court Action was the same entity as the Plaintiff herein and one of the defendants in the State Court Action was the Debtor/Defendant. The State Court Action bench trial resulted in a verdict against all defendants in favor of

the Plaintiff. On January 7, 2009, the Mahoning Court entered Findings of Fact and Conclusions of Law ("Findings and Conclusions"), which held that the Debtor/Defendant violated the Uniform Trade Secrets Act. On February 3, 2009, the Mahoning Court rendered a final judgment in the amount of $515,218 ("Mahoning Judgment")[1] against the Debtor/Defendant based on an intentional violation of the Uniform Trade Secrets Act. An appeal of the Mahoning Judgment was dismissed, *sua sponte*, for failure of the appellants to file assignments of error and a brief. As a consequence, the Mahoning Judgment is a final judgment.

### B. Adversary Proceeding

On May 27, 2010, the Debtor/Defendant filed a voluntary petition pursuant to chapter 7 of the Bankruptcy Code. The last day to file a complaint regarding dischargeability of a debt was September 20, 2010. On September 16, 2010, the Plaintiff filed Complaint to Determine Dischargeability of Debt and to Obtain Relief ("Complaint") (Doc. # 1), which commenced this adversary proceeding. The Plaintiff alleges that the Mahoning Judgment is not dischargeable based on 11 U.S.C. § 523(a)(6)[2]. On January 18, 2011, the Debtor/Defendant filed Answer (Doc. # 14), which argues: (i) a co-defendant in the State Court Action also filed for bankruptcy protection, but the Plaintiff did not initiate a nondischargeability action against the co-defendant[3]; (ii) the Mahoning Judgment does not reference willful and malicious intent; and (iii) the Debtor/Defendant surren-

dered over $100,000 in assets to the Plaintiff after the Debtor/Defendant's company was shut down.

Upon the request of the parties, on April 5, 2011, the Court referred this adversary proceeding to mediation. Mediation did not result in the parties reaching a resolution of their dispute. Thereafter, the Plaintiff filed the Motion for Summary Judgment.

### II. STANDARD OF REVIEW

The procedure for granting summary judgment is found in FED.R.CIV.P. 56(a), made applicable to this proceeding through FED. R. BANKR.P. 7056, which provides, in part, that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

FED.R.CIV.P. 56(a) (West 2011). Summary judgment is proper if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material if it could affect the determination of the underlying action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir.1996). A material fact is genuinely in dispute if a rational fact-finder could

---

1. The Mahoning Judgment incorporated by reference the Findings and Conclusions.

2. In the prayer for relief, the Plaintiff also requests "an order disallowing the Trustee to Grant Debtor's Discharge." (Compl. at 16.) Because the Complaint is based entirely on 11 U.S.C. § 523(a)(6), denial of a discharge to the Debtor is not properly before the Court.

3. The Court notes that because the Mahoning Judgment found the Debtor/Defendant jointly and severally liable with the co-defendants in the State Court Action, the Plaintiff was not required to file a non-dischargeability actions against any other co-defendants who also filed for bankruptcy protection.

find in favor of either party on the issue. *Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505; *SPC Plastics Corp. v. Griffith (In re Structurlite Plastics Corp.)*, 224 B.R. 27 (6th Cir. BAP 1998). Thus, summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

In a motion for summary judgment, the movant bears the initial burden to establish an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548; *Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 198 (6th Cir. BAP 1998). The burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). However, in responding to a proper motion for summary judgment, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 257, 106 S.Ct. 2505). That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *Street*, 886 F.2d at 1479.

### III. LEGAL STANDARDS

#### A. Section 523(a)(6)

Section 523(a), which excepts various categories of debt from discharge, states in subsection (6):

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \*

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

11 U.S.C. § 523 (West 2011). The plaintiff bears the burden of proving by a preponderance of the evidence that a debt is excepted from discharge pursuant to § 523(a). *Meyers v. I.R.S. (In re Meyers)*, 196 F.3d 622, 624 (6th Cir.1999) (citing *Grogan v. Garner*, 498 U.S. 279, 290–91, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). Section 523(a) codified the "longstanding bankruptcy policy that any debt which is shown to have arisen from a dishonest or otherwise wrongful act committed by a debtor is not entitled to the benefits of a bankruptcy discharge." *Hoffman v. Anstead (In re Anstead)*, 436 B.R. 497, 500 (Bankr.N.D.Ohio 2010) (citing *Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998)).

The plain language of § 523(a)(6) requires the plaintiff to establish that the injury is both willful and malicious. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir.1999). The Supreme Court has held that the inclusion of the word "willful" in § 523(a)(6) requires "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (emphasis in original). The Sixth Circuit Court of Appeals expanded the definition of willfulness to include the debtor's belief that injury is " 'substantially certain to result' " from the debtor's actions. *Markowitz*, 190 F.3d at 464 (quoting Restatement (Second) of Torts § 8A, at 15 (1964)). The element of "mali-

cious injury" in § 523(a)(6) requires action "taken in conscious disregard of the debtor's duties or without just cause or excuse." *Superior Metal Prods. v. Martin (In re Martin)*, 321 B.R. 437, 441–42 (Bankr.N.D.Ohio 2004) (citing *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986)). "Based upon a fair reading of [the definition of malice], it is logical to assume that in great [sic] majority of cases, the same factual events that give rise to a finding of 'willful' conduct, will likewise be indicative as to whether the debtor acted with malice." *Martin*, 321 B.R. at 442.

As a result, to prevail in a § 523(a)(6) action, the plaintiff must establish by a preponderance of the evidence: (i) the debtor caused injury to the plaintiff or the plaintiff's property; (ii) the debtor intended to cause such injury or the debtor's actions were substantially certain to cause such injury; and (iii) the debtor acted in conscious disregard of the debtor's duties or without just cause or excuse. *Palik v. Sexton (In re Sexton)*, 342 B.R. 522, 530 (Bankr.N.D.Ohio 2006).

### B. Collateral Estoppel [4]

The doctrine of collateral estoppel, or issue preclusion, " 'precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action.' " *Markowitz*, 190 F.3d at 461 (quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir.1992)). Collateral estoppel principles apply in nondischargeability proceedings. *Gonzalez v. Moffitt (In re Moffitt)*, 252 B.R. 916, 920–21 (6th Cir. BAP 2000) (citing *Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S.Ct.

654, 112 L.Ed.2d 755 (1991)). Pursuant to 28 U.S.C. § 1738, federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which that judgment was rendered." *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). "Collateral estoppel will apply where (1) the law of collateral estoppel in the state in which the issue was litigated would preclude relitigation of such issue, and (2) the issue was fully and fairly litigated in state court." *Markowitz*, 190 F.3d at 461 (citing 28 U.S.C.A. § 1738 (West 1994)).

In Ohio, the following four elements must be established to assert collateral estoppel:

"(1) The party against whom estoppel is sought was a party or in privity with a party to the prior action;

(2) There was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;

(3) The issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and

(4) The issue must have been identical to the issue involved in the prior suit."

*Cashelmara Villas Ltd. P'Ship v. DiBenedetto*, 87 Ohio App.3d 809, 623 N.E.2d 213, 215–16 (1993) (quoting *Monahan v. Eagle Picher Indus., Inc.*, 21 Ohio App.3d 179, 486 N.E.2d 1165, 1168 (1984)). "The burden of pleading and proving the identity of the issues currently presented and the issues previously decided rests on the party asserting the estoppel." *Am. Fiber Sys., Inc. v. Levin*, 125 Ohio St.3d 374, 928 N.E.2d 695, 701 (2010) (citing *Goodson v.*

---

4. Although the Plaintiff does not specifically address issue preclusion in the Motion for Summary Judgment, the Court infers that the Plaintiff's Motion for Summary Judgment is based, at least in part, on the doctrine of collateral estoppel.

McDonough Power Equip., Inc., 2 Ohio St.3d 193, 443 N.E.2d 978, 983 (1983)).

### C. Ohio Uniform Trade Secrets Act

In Ohio, the Uniform Trade Secrets Act is found in Section 1333 of the Ohio Revised Code. In *The Spring Works, Inc. v. Sarff (In re Sarff)*, 242 B.R. 620 (6th Cir. BAP 2000), the Bankruptcy Appellate Panel ("B.A.P.") for the Sixth Circuit upheld the bankruptcy court's finding that a misappropriation of trade secrets was not dischargeable. *Id.* at 627. ("The bankruptcy court properly determined that both the compensatory damages for interference with business relations and misappropriation of trade secrets and the punitive damages were nondischargeable. The state court's award of punitive damages is indicative of a finding of malice.")

### IV. ANALYSIS

### A. Collateral Estoppel and § 523(a)(6)

As the party asserting the doctrine of collateral estoppel, the Plaintiff must establish that the four elements of collateral estoppel under Ohio law are present with respect to each material element of this § 523(a)(6) action. *Palik v. Sexton, (In re Sexton)*, 342 B.R. 522, 523 (Bankr.N.D.Ohio 2006). As set forth below, the Court finds that the Plaintiff has satisfied each of the four elements of collateral estoppel and, thus, this Court is required to accept the findings of fact and conclusions of law reached by the Mahoning Court.

### 1. Identity of the Parties

Because the Plaintiff and the Debtor/Defendant were parties to the State Court Action, the first element—identity or privity of parties—is satisfied without the need for evidence or argument.

### 2. Final Judgment on the Merits

The second element requires the Plaintiff to establish that the Mahoning Judgment is a final judgment on the merits and that the Debtor/Defendant was provided a full and fair opportunity to litigate the issue. *DiBenedetto*, 623 N.E.2d at 216 (quoting *Monahan*, 486 N.E.2d at 1168). Neither the Plaintiff nor the Defendant contends that the Mahoning Judgment is not a final judgment on the merits or that each party was not provided a full and fair opportunity to litigate the issue in the Mahoning Court. Further, each party was represented by counsel in the State Court Action and each party appeared at the bench trial. The Debtor/Defendant appealed the Mahoning Judgment, which appeal was subsequently dismissed. Based upon the foregoing, this Court finds that the Mahoning Judgment is a final judgment.

Moreover, the Debtor/Defendant had a full and fair opportunity to litigate in the Mahoning Court, as evidenced by the fact that the Debtor/Defendant: (i) filed an answer in the State Court Action; (ii) was given notice of a trial in the Mahoning Court; (iii) waived the right to a jury trial in the Mahoning Court; and (iv) filed an appeal of the Mahoning Judgment. Lastly, the Mahoning Judgment was entered following the presentation of evidence and testimony by both the Plaintiff and the Debtor/Defendant at the September 2008 bench trial. As a consequence, the Court finds that the parties had a full and fair opportunity to litigate the issue and that the Mahoning Judgment serves as a final judgment on the merits.

### 3. The Issue Necessary to the Final Judgment was Actually Tried and Decided

#### a. The Issue was Actually Tried and Decided

There is no dispute that (i) the Mahon-

ing Court held a bench trial[5] on September 22, 2008; (ii) the Mahoning Court entered the Mahoning Judgment following the trial; or (iii) the Mahoning Judgment was actually tried and decided.

In addition, neither party disputes that the elements required under § 523(a)(6) were actually tried and decided by the Mahoning Court. These elements are: (i) the Debtor/Defendant caused injury to the Plaintiff; (ii) the Debtor/Defendant intended to cause such injury or his actions were substantially certain to cause such injury (*i.e.*, the injury was willful); and (iii) the Debtor/Defendant acted in conscious disregard of his duties or without just cause or excuse (i.e., the injury was malicious). In fact, a review of both the Mahoning Judgment and Findings and Conclusions reveals that the Mahoning Court explicitly found: (i) the Plaintiff was "financially damaged as a result of Trade Secret Violations in the sum of $515,218.00;" (ii) the Debtor/Defendant, in fact, used Clearview's trade secrets, including Clearview's drawings and database; and (iii) the Debtor/Defendant deliberately misappropriated trade secrets. (Mahoning Judgment at 2; Findings and Conclusions at 15–16) Specifically, the Mahoning Court found:

> Angelilli, ... acknowledged in writing that Clearview's computer processes, computer programs and codes, customer lists, financial information, and proprietary production processes are confidential and agreed in writing that [he] would not disclose this information.... [t]he evidence demonstrates that Angelilli ... [was a] trusted management employee[ ] of Clearview who quit ... at the end of 2002.... Michael Daniel Corp. was able to inject itself into Clearview's niche market by convincing five Pella distributors to direct their orders

for Clearview products to Michael Daniel Corp. ... The Defendants were not able to manufacture and sell products to the Pella distributors independent of the trade secret information they acquired from Clearview. They deliberately misappropriated technical information, design, process, procedure, formula, pattern, technique, methodology, catalog, customer listings and the like—all of which satisfied the prerequisites of R.C. § 1333.61(D)(1) and (D)(2) as trade secrets.

(Findings and Conclusions at 13–16.) Indeed, the Mahoning Judgment found that the conduct of the Debtor/Defendant satisfied all the prerequisites of O.R.C. § 1333.61(D)(1) and (D)(2). As a consequence, the Mahoning Court found that the Debtor/Defendant acted in conscious disregard of his duties and, therefore, acted maliciously.

Accordingly, the Court finds that the Mahoning Court actually tried and decided the three elements required by a § 523(a)(6) cause of action. Because the appeal was dismissed, *sua sponte*, the Defendant is bound by the factual determinations and legal conclusions reached by the Mahoning Court and may not challenge those findings in this Court. *See Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which that judgment was rendered"); *Palik v. Sexton (In re Sexton),* 342 B.R. 522, 534 (Bankr.N.D.Ohio 2006) ("Even if Debtor/Defendant could determine that [the state court judge's] legal conclusions were premised upon a mistake of fact, she cannot challenge his legal con-

---

5. The Mahoning Judgment explicitly states, "[t]he parties waived their right to trial by jury and proceeded to a bench trial." (Mot. for Summ. J., Ex. A at 1.)

clusions in this Court. Debtor/Defendant had ample opportunity to appeal [the state court judgment] through the state court appellate process.")

### b. The Issue Was Necessary to the Final Judgment .

The Court must next decide whether resolution of the elements of this § 523(a)(6) action was necessary for the Mahoning Court to enter the Mahoning Judgment. The Mahoning Court awarded the Plaintiff damages based on the Debtor/Defendant's violation of the Uniform Trade Secrets Act. (Mahoning Judgment at 2.) In order to award damages to the Plaintiff, it was necessary for the Mahoning Court to determine that the Debtor/Defendant caused injury to the Plaintiff[6]. As a consequence, the Court finds that this prong of the collateral estoppel test has been satisfied.

### 4. Identical Issue in Both Proceedings

The fourth element of the collateral estoppel test requires the Plaintiff to prove that the issue before this court is identical to the issue before the Mahoning Court. *Cashelmara Villas Ltd. P'Ship v. DiBenedetto*, 87 Ohio App.3d 809, 623 N.E.2d 213, 215–16 (1993) (quoting *Monahan v. Eagle Picher Indus., Inc.*, 21 Ohio App.3d 179, 486 N.E.2d 1165, 1168 (1984)). In the Mahoning Court, the Plaintiff alleged that it was harmed by the Debtor/Defendant's violation of the Uniform Trade Secrets Act. As explained, *supra*, the Mahoning Court found in favor of the Plaintiff and awarded it damages in excess of $500,000 for the Debtor/Defendant's actions. Therefore, the Mahoning Court determined that (i) the Debtor/Defendant

caused injury to the Plaintiff; and (ii) the Debtor/Defendant did so willfully and maliciously. The issue before this Court is whether, pursuant to § 523(a)(6), the Mahoning Judgment is a debt for willful and malicious injury caused by the Debtor/Defendant—the same issue addressed in the Mahoning Court. As a consequence, this Court finds that the Plaintiff has satisfied the final element of the collateral estoppel test.

## B. Summary Judgment

This Court must also determine if summary judgment in favor of the Plaintiff is warranted. The Plaintiff bears the burden to establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Plaintiff argues that summary judgment is proper because the material facts necessary to resolve this proceeding were decided by the Mahoning Court. This Court agrees.

As stated *supra*, at 11–14, the Mahoning Court expressly found that the Debtor/Defendant willfully and maliciously caused injury to the Plaintiff. In addition, because the Mahoning Judgment is final and binding, the Debtor/Defendant is foreclosed from arguing that the Mahoning Court's findings were not supported by the evidence. Further, under Ohio law, damages awarded for misappropriation of trade secrets are nondischargeable if the state court also determined that the injury was committed both willfully and maliciously. *See The Spring Works, Inc., v. Sarff (In re Sarff)*, 242 B.R. 620 (6th Cir. BAP 2000).

---

**6.** In fact, the Mahoning Court specifically stated in the Mahoning Judgment that "Clearview Designs, Inc., ... has been financially damaged as a result of Trade Secret Violations." (Mahoning Judgment at 18.)

Having concluded that this Court is bound by the Mahoning Court's findings of fact and conclusions of law (*see supra*, at 10–14), this Court finds that there is no genuine dispute that the Mahoning Judgment is a debt for willful and malicious injury caused by the Debtor/Defendant and that the Plaintiff is entitled to judgment as a matter of law. The Mahoning Judgment is not dischargeable pursuant to § 523(a)(6). As a consequence, the Court will grant the Plaintiff's Motion for Summary Judgment.

## V. CONCLUSION

The Mahoning Court determined that the Debtor/Defendant (i) caused injury to the Plaintiff by violating the Uniform Trade Secrets Act; (ii) intended to cause this injury; and (iii) acted maliciously. Pursuant to Ohio law, collateral estoppel precludes this Court from determining issues of fact and conclusions of law determined by the Mahoning Court because (i) the Plaintiff and the Debtor/Defendant were parties to the original State Court Action, which resulted in a final judgment on the merits; (ii) the Debtor/Defendant was provided a full and fair opportunity to litigate the Mahoning Judgment; (iii) the issue of whether the Debtor/Defendant willfully and maliciously caused injury to the Plaintiff was actually tried and decided by the Mahoning Court and was necessary to the Mahoning Judgment; and (iv) the issue in (iii), above, is identical to the issue presently before this Court.

Based on the findings by the Mahoning Court, the Plaintiff is entitled to judgment as a matter of law. As a consequence, the Mahoning Judgment is not dischargeable pursuant to 11 U.S.C. § 523(a)(6). This Court will grant the Plaintiff's Motion for Summary Judgment. An appropriate Order will follow.

## ORDER GRANTING SUMMARY JUDGMENT

This cause is before the Court on Plaintiff's Motion for Summary Judgment filed by Plaintiff Clearview Designs, Inc. ("Plaintiff") on August 29, 2011 (Doc. # 30). On September 19, 2011, the Debtor/Defendant Michael Robert Angelilli ("Debtor/Defendant") filed Reply to Plaintiff's Motion for Summary Judgment (Doc. # 31). For the reasons set forth in this Court's Memorandum Opinion entered on this date, this Court hereby:

(1) Finds that, pursuant to the doctrine of collateral estoppel, this Court must accept the findings of fact and conclusions of law reached by the Mahoning Court in the Mahoning Judgment;

(2) Finds that there is no genuine issue of material fact in the instant proceeding;

(3) Finds that the Plaintiff is entitled to judgment as a matter of law;

(4) Finds that the Mahoning Judgment is not dischargeable pursuant to 11 U.S.C. § 523(a)(6); and

(5) Grants the Plaintiff's Motion.

For the reasons set forth in this Court's Memorandum Opinion, entered on this date the Court hereby grants the Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**